```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
COMMERZBANK AG,                                             :
                              Plaintiff,                    :
                                                            :           15 Civ. 10032 (LGS)
              -against-                                     :
                                                            :           **OPINION AND ORDER**
HSBC BANK USA, NATIONAL                                     :
ASSOCIATION,                                                :
                                                            :
                              Defendant.                    :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06/08/2016

LORNA G. SCHOFIELD, District Judge:

This action, brought by Commerzbank AG ("Commerzbank") against HSBC Bank USA, National Association ("HSBC") arises out of HSBC's alleged failure to discharge its duties as indenture trustee for nineteen residential mortgage backed securities ("RMBS") trusts (collectively, the "Covered Trusts").[1] Commerzbank asserts six claims for breaches of contractual and fiduciary duties, as well as for violations of the federal Trust Indenture Act of 1939 and New York's Streit Act.

Before the Court is HSBC's motion to dismiss Counts V and VI of Commerzbank's Complaint under Federal Rule of Civil Procedure 12(b)(6).[2] For the following reasons, HSBC's

---

[1] Thirteen of the Covered Trusts overlap with related actions before this Court. *See Nat'l Credit Union Admin. Bd.. v. HSBC Bank USA, Nat'l Ass'n*, No. 15 Civ. 2144 (S.D.N.Y.); *Phoenix Light SF Ltd. v. HSBC Bank USA, Nat'l Ass'n*, 14 Civ. 10101 (S.D.N.Y.); *BlackRock Balanced Capital Portfolio (FI) v. HSBC Bank USA, Nat'l Ass'n*, No. 14 Civ. 9366 (S.D.N.Y.).

[2] In June 2015, the Court granted in part and denied in part HSBC's motion to dismiss the complaints in three of the related actions (the "June 2015 Opinion and Order"). *See Royal Park Invs. SA/NV v. HSBC Bank USA, Nat'l Ass'n*, 109 F. Supp. 3d 587 (S.D.N.Y. 2015). The parties to the present action have agreed to apply the Court's prior rulings to Commerzbank's Complaint. Accordingly, HSBC's instant motion to dismiss -- which is limited to grounds not previously raised -- challenges the sufficiency of Counts V and VI of Commerzbank's Complaint only. HSBC does not challenge the remaining four counts of Commerzbank's Complaint at this stage.

motion is GRANTED.

I.   **BACKGROUND**

The following facts are drawn from the Complaint and are assumed to be true for purposes of this motion. In light of the similar factual background of the related actions -- which is summarized in the June 2015 Opinion and Order -- this Section outlines only those facts that are relevant to the instant motion. *See id.* at 594-95.

The Complaint alleges six causes of action against HSBC, including claims under New York law for Breach of Contract (Count II), Violation of the Streit Act (Count V), and Breach of the Covenant of Good Faith (Count VI). As to the breach of contract claim, Count II of the Complaint alleges that "HSBC is liable to Commerzbank for the losses it suffered as a direct result of HSBC's failure to perform its contractual obligations under [its pooling and servicing agreements ("PSAs")]," which are "valid and binding contracts" that "provide, among other things, the terms under which HSBC acts as a trustee for the Covered Trusts." Count II further alleges that "[a]s the current . . . and/or former holder of Certificates or Notes issued by each Covered Trust, Commerzbank is or was an express, intended third-party beneficiary under the PSAs entitled to enforce the performance of the trustee."

Count V alleges that HSBC is liable under New York's Streit Act, a statute "enacted to provide for the proper administration of mortgage trusts . . . [that] requires . . . the trustee . . . to exercise due care in performing its obligations." This Count also alleges that HSBC failed to exercise the prudent person duties that the Act requires of trustees in events of default.

Finally, Count VI alleges that "[b]y the conduct described [in the] above [paragraphs of the Complaint], HSBC breached its duty of good faith and fair dealing under the PSAs." Under this theory of liability, the Complaint alleges that HSBC breached its duty to "Commerzbank, as

an express, intended third-party beneficiary under the PSAs, . . . to ensure that [HSBC] did not, by act or omission, injure the rights of Commerzbank to receive the benefits and protections provided for under the PSAs." The Complaint also alleges that HSBC "violated the covenant of good faith and fair dealing by failing to give notice of defaults and failing to take action to cause responsible parties to repurchase loans that violated representation and warranty provisions [of the PSAs] or were missing required documentation."

## II.     LEGAL STANDARD

### A.  Motion to Dismiss Under Rule 12(b)(6)

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the non-moving party. *See Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 78 (2d Cir. 2015). To survive dismissal, a pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Rule 8 of the Federal Rules of Civil Procedure "requires factual allegations that are sufficient to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 182 (2d Cir. 2012) (quoting *Twombly*, 550 U.S. at 555).

## III.    DISCUSSION

### A.  Violation of the Streit Act (Count V)

Count V of the Complaint alleges violations under Sections 124 and 126 of the Streit Act, on the basis that HSBC failed to uphold its statutory duties. Specifically, the Complaint alleges that section 124 requires a trustee to "exercise due care in performing its obligations," and that

3

section 126 requires a trustee to act "as a prudent man would" in exercising its rights and powers under the indenture. This claim is dismissed as neither Section 124 nor 126 imposes such statutory duties.

With respect to the Complaint's allegations under Section 124, as held in the June 2015 Opinion and Order, these allegations fail as a matter of law because "[Section 124] is a preliminary section that does not create any duties." *Royal Park*, 109 F. Supp. 3d at 610.

The Complaint's allegations under Section 126 fare no better. It provides:

> *No trustee shall hereafter accept a trust . . . unless the instrument creating the trust shall contain the following provisions*, among others, which confer the following powers and impose the following duties upon the trustees. . . . 1. In the case of an event of default . . . , to exercise such of the rights and powers vested in the trustee by such instrument, and to use the same degree of care and skill in their exercise as a prudent man would exercise or use under the circumstances in the conduct of his own affairs.

N.Y. Real Prop. Law § 126 (emphasis added). The plain language of Section 126 is clear; it requires only that trust instruments include certain provisions, and does not itself impose any affirmative duties on trustees. This reading of Section 126 is consistent with the history and purpose of the Streit Act, which was enacted "to provide for the regulation and supervision of trustees." *See* N.Y. Real Prop. Law § 124.

Because the Complaint does not allege that HSBC accepted a trust instrument that lacked or disclaimed any required provisions, the Complaint does not state a claim under Section 126. *Accord Phoenix Light SF Ltd. v. Bank of N.Y. Mellon*, No. 14 Civ. 10104, 2015 WL 5710645, at *11 (S.D.N.Y. Sept. 29, 2015) (dismissing Section 126 claim where "the [complaint] d[id] not . . . allege that [the trustee] accepted a deficient indenture"); *see also Phoenix Light SF Ltd. v. U.S. Bank Nat'l Ass'n*, No. 14 Civ. 10116, 2016 WL 1169515, at *10-11 (S.D.N.Y. Mar. 22, 2016) (same); *Royal Park Invs. SA/NV v. Bank of N.Y. Mellon*, No. 14 Civ. 6502, 2016 WL 899320, at

\*11 (S.D.N.Y. Mar. 2, 2016) (same); *Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n*, No. 14 Civ. 9928, 2016 WL 796850, at \*12 (S.D.N.Y. Feb. 25, 2016) (same).

No case cited by Commerzbank supports its position that Section 126 imposes affirmative duties on trustees. The case on which Commerzbank primarily relies, *Beck v. Manufacturers Hanover Trust Co.*, actually confirms that the purpose of Section 126 is to protect bondholders by limiting the "broad exculpatory provisions" that may be included in trust instruments. 632 N.Y.S.2d 520, 527 (Sup. Ct. 1995); *see also Harper v. Larchmont Yacht Club*, 38 N.Y.S.2d 505, 509 (Sup. Ct. 1942) (holding that trust provision, not trustee, violated Section 126).[3]

For these reasons, Count V is dismissed. Because the Complaint does not state a claim under the Streit Act, the Court need not reach the state law question of whether the Act provides a private right of action.

### B. Breach of the Covenant of Good Faith (Count VI)

Commerzbank's claim for breach of the covenant of good faith is also dismissed because it is duplicative of its breach of contract claim. It is well-settled that "New York law . . . does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, based upon the same facts, is also pled." *Harris v. Provident Life & Accident Ins. Co.*, 310 F.3d 73, 81 (2d Cir. 2002); *see also Cruz v. FXDirectDealer, LLC*, 720 F.3d 115, 125 (2d Cir. 2013) ("[W]hen a complaint alleges both a breach of contract and a breach of the implied covenant of good faith and fair dealing based on

---

[3] The other cases cited by Commerzbank also are inapposite, including on the basis that they do not involve claims brought under Section 126.

the same facts, the latter claim should be dismissed as redundant."). The rationale for this rule is that "'[t]he existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi contract for events arising out of the same subject matter.'" *Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.*, 448 F.3d 573, 587 (2d Cir. 2006) (quoting *Clark-Fitzpatrick Inc. v. Long Island R.R. Co.*, 516 N.E.2d 190, 193 (N.Y. 1987)).

The Complaint's implied covenant claim is not cognizable because it is predicated on the same factual elements as its breach of contract claim -- namely, HSBC's alleged failure to comply with its PSA obligations and the damages allegedly sustained by Commerzbank as a third-party beneficiary of those agreements. At least five other courts presiding over RMBS trustee suits in this district have dismissed similar implied covenant claims on this basis. *See Phoenix Light SF Ltd.*, 2016 WL 1169515, at *10; *Nat'l Credit Union Admin. Bd.*, 2016 WL 796850, at *12; *Ret. Bd. of Policemen's Annuity & Benefit Fund of Chi. v. Bank of N.Y. Mellon*, No. 11 Civ. 5459, 2014 WL 3858469, at *4 (S.D.N.Y. July 30, 2014); *Okla. Police Pension & Ret. Sys. v. U.S. Bank Nat'l Ass'n*, 291 F.R.D. 47, 72 (S.D.N.Y. 2013), *abrogated on other grounds by Ret. Bd. of Policemen's Annuity & Benefit Fund of Chi. v. Bank of N.Y. Mellon*, 775 F.3d 154 (2d Cir. 2014); *Policemen's Annuity & Benefit Fund of City of Chi. v. Bank of Am.*, 907 F. Supp. 2d 536, 558-59 (S.D.N.Y. 2012).

Commerzbank nevertheless argues that its breach of contract and implied covenant claims should proceed together because they are pleaded in the alternative. As explained by the district court in *Retirement Board of Policemen's Annuity*, which rejected an identical argument by an RMBS plaintiff,

> [u]nder New York law, plaintiffs may assert quasi-contract claims in the alternative to breach of contract claims *where the existence, scope, or meaning of the contract is in dispute because the two claims represent mutually exclusive remedies*. . . . But an implied covenant does not offer an alternate remedy to a contract claim; it is embedded in every contract . . . and inherent in every breach of contract claim. . . . Thus an implied covenant claim is not distinct from a concurrently pled breach of contract claim unless it is based on different factual allegations.

2014 WL 3858469, at *4 (emphasis added) (citations omitted).

Here, there is no dispute as to the existence, scope, or meaning of the PSAs. Rather, the Complaint alleges that the PSAs are "valid and binding contracts"; the only dispute is over whether HSBC actually breached its duties under these contracts. Accordingly, the implied covenant claim -- which is based on identical factual allegations as the breach of contract claim and thus could not be amended to cure this deficiency -- is dismissed.

## IV.   CONCLUSION

For the foregoing reasons, HSBC's motion is GRANTED. Counts V and VI are dismissed. The Clerk of Court is directed to close the motion at Docket Number 19.

SO ORDERED.

Dated: June 8, 2016
New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**