**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

COMMERZBANK AG,

                         Plaintiff,

      v.

HSBC BANK USA, NATIONAL
ASSOCIATION,

                    Defendant.

Civil Action No. 1:15-CV-10032-LGS-SN

**ANSWER OF DEFENDANT HSBC
BANK USA, NATIONAL ASSOCIATION**

Defendant HSBC Bank USA, National Association ("HSBC"), by its undersigned counsel, for its Answer to the Complaint ("Complaint") of Commerzbank AG ("Plaintiff"), states as follows:

<u>**NATURE OF ACTION**</u>[1]

1.      HSBC admits that, with respect to the trusts identified in Exhibit A to the Complaint (the "Covered Trusts"), HSBC serves as Trustee or Indenture Trustee as those terms are defined in the governing agreements for the Covered Trusts (the "Governing Agreements"). The remaining allegations in paragraph 1 of the Complaint require no response, and to the extent that a responsive pleading is required, HSBC denies the allegations.

2.      To the extent that the allegations in paragraph 2 of the Complaint purport to describe the transactions giving rise to the Covered Trusts, HSBC respectfully refers the Court to the transaction documents for a full and complete reading of their content, and HSBC denies any

---

[1] Selected headings from the Complaint are included for ease of reference, and the inclusion does not constitute an admission of any kind.  The headings of the Complaint do not constitute allegations, and thus no response pleading to the headings is required.  To the extent that a response is required, all allegations contained within the headings are denied.

characterizations inconsistent therewith.  HSBC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 2 of the Complaint.

3.     HSBC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 and Exhibit B of the Complaint.

4.     To the extent that the allegations in paragraph 4 of the Complaint purport to characterize the content of the Governing Agreements, HSBC respectfully refers the Court to those Governing Agreements for a full and complete reading of their content, and HSBC denies any characterizations inconsistent therewith.  To the extent that the allegations in paragraph 4 of the Complaint state conclusions of law, no responsive pleading is required, and to the extent that a responsive pleading is required, HSBC denies the allegations.  HSBC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 4 of the Complaint.

5.     HSBC lacks knowledge or information sufficient to form a belief as to the truth of the allegations that the Certificateholders did not receive any loan or mortgage files.  HSBC denies the remaining allegations in paragraph 5 of the Complaint.

6.     To the extent that the allegations in paragraph 6, including footnote 1, of the Complaint purport to characterize the content of the Governing Agreements, HSBC respectfully refers the Court to those Governing Agreements for a full and complete reading of their content, and HSBC denies any characterizations inconsistent therewith.  To the extent that the allegations in paragraph 6 are pleaded in support of Plaintiff's TIA claim as to the Covered Trusts governed by Pooling and Servicing Agreements ("PSAs"), no response is required because that claim has been dismissed pursuant to the Court's decision in *Royal Park Investments SA/NV v. HSBC Bank USA, N.A.*, 109 F. Supp. 3d 587 (S.D.N.Y. 2015), and the parties' stipulation dated January 20,

2016.  The remaining allegations in paragraph 6 of the Complaint state conclusions of law, to which no responsive pleading is required, and to the extent that a responsive pleading is required, HSBC denies the allegations.

7.      HSBC denies the allegations in paragraph 7 of the Complaint.

8.      The allegations in paragraph 8 of the Complaint state conclusions of law, to which no responsive pleading is required, and to the extent that a responsive pleading is required, HSBC denies the allegations.

9.      HSBC admits that the FBRSI 2005-2 and FBRSI 2005-4 trusts were structured using indentures, transfer and servicing agreements, and amended and restated owner trust agreements, and that the GSAA 2005-6 trust was structured using a Master Servicing and Trust Agreement.  To the extent that the allegations in paragraph 9, including footnote 2, of the Complaint purport to characterize the content of the Governing Agreements, HSBC respectfully refers the Court to those Governing Agreements for a full and complete reading of their content, and HSBC denies any characterizations inconsistent therewith.  To the extent that the allegations in paragraph 9 of the Complaint state conclusions of law, no responsive pleading is required, and to the extent that a responsive pleading is required, HSBC denies the allegations.  HSBC denies the remaining allegations in paragraph 9 of the Complaint.

10.     To the extent that the allegations in paragraph 10 of the Complaint purport to state conclusions of law, no responsive pleading is required, and to the extent that a responsive pleading is required, HSBC denies the allegations.  HSBC denies the remaining allegations in paragraph 10 of the Complaint.

11.     To the extent that the allegations in paragraph 11 are pleaded in support of Plaintiff's TIA claim as to the Covered Trusts governed by PSAs, no response is required

because that claim has been dismissed pursuant to the Court's decision in *Royal Park Investments SA/NV v. HSBC Bank USA, N.A.*, 109 F. Supp. 3d 587 (S.D.N.Y. 2015), and the parties' stipulation dated January 20, 2016.  To the extent that the allegations in paragraph 11 of the Complaint purport to state conclusions of law, no responsive pleading is required, and to the extent that a responsive pleading is required, HSBC denies the allegations.  HSBC denies the remaining allegations in paragraph 11 of the Complaint.

12.    To the extent that the allegations in paragraph 12 of the Complaint are pleaded in support of Plaintiff's Streit Act claim, which has been dismissed, no response is required.  To the extent that the allegations in paragraph 12 of the Complaint purport to state conclusions of law, no responsive pleading is required, and to the extent that a responsive pleading is required, HSBC denies the allegations.  HSBC denies the remaining allegations in paragraph 12 of the Complaint.

13.    To the extent that the allegations in paragraph 13 are pleaded in support of Plaintiff's negligence claims that have been dismissed pursuant to the Court's decision in *Royal Park Investments SA/NV v. HSBC Bank USA, N.A.*, 109 F. Supp. 3d 587 (S.D.N.Y. 2015), and the parties' stipulation dated January 20, 2016, no response is required.  To the extent that the allegations in paragraph 13 of the Complaint purport to state conclusions of law, no responsive pleading is required, and to the extent that a responsive pleading is required, HSBC denies the allegations.  HSBC denies the remaining allegations in paragraph 13 of the Complaint.

14.    To the extent that the allegations in paragraph 14 of the Complaint are pleaded in support of Plaintiff's claim for breach of the covenant of good faith, which has been dismissed, no response is required.  To the extent that the allegations in paragraph 14 of the Complaint purport to state conclusions of law, no responsive pleading is required, and to the extent that a

responsive pleading is required, HSBC denies the allegations.  HSBC denies the remaining allegations in paragraph 14 of the Complaint.

15.     HSBC denies the allegations in paragraph 15 of the Complaint.

## PARTIES

16.     HSBC lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint.

17.     HSBC lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint.

18.     HSBC lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint.

19.     HSBC lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint.

20.     HSBC lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint.

21.     HSBC admits that it is a national banking association organized and existing under the laws of the United States, that it maintains its principal executive office in New York and its main office in Virginia, and that it serves as Trustee or Indenture Trustee, as those terms are defined in the Governing Agreements, for the Covered Trusts.  To the extent that the allegations in paragraph 21 of the Complaint purport to state conclusions of law, no responsive pleading is required, and to the extent that a responsive pleading is required, HSBC denies the allegations.  HSBC denies the remaining allegations in paragraph 21 of the Complaint.

## JURISDICTION AND VENUE

22.     The allegations in paragraph 22 of the Complaint state conclusions of law, to which no responsive pleading is required, and to the extent that a responsive pleading is required, HSBC denies the allegations.

23.     The allegations in paragraph 23 of the Complaint state conclusions of law, to which no responsive pleading is required, and to the extent that a responsive pleading is required, HSBC denies the allegations.

24.     To the extent that the allegations in paragraph 24 of the Complaint state conclusions of law, no responsive pleading is required, and to the extent that a responsive pleading is required, HSBC denies the allegations.  The remaining allegations purport to describe the content of the Governing Agreements.  HSBC respectfully refers the Court to the Governing Agreements for a full and complete reading of their content, and HSBC denies any characterizations inconsistent therewith.

## FACTUAL ALLEGATIONS

25.     To the extent that the allegations in paragraph 25 of the Complaint purport to describe the specific transactions giving rise to the Covered Trusts, HSBC respectfully refers the Court to the transaction documents for a full and complete reading of their content, and HSBC denies any characterizations inconsistent therewith.  HSBC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 25 of the Complaint.

26.     To the extent that the allegations in paragraph 26 of the Complaint purport to describe the specific transactions giving rise to the Covered Trusts, HSBC respectfully refers the Court to the transaction documents for a full and complete reading of their content, and HSBC

denies any characterizations inconsistent therewith.  HSBC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 26 of the Complaint.

27.      HSBC admits that it serves as Trustee or Indenture Trustee, as those terms are defined in the relevant Governing Agreements, for the Covered Trusts.  To the extent that the allegations in paragraph 27 of the Complaint purport to describe the specific transactions giving rise to the Covered Trusts and the Governing Agreements, HSBC respectfully refers the Court to the transaction documents and the Governing Agreements for a full and complete reading of their content, and HSBC denies any characterizations inconsistent therewith.  HSBC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 27 of the Complaint.

28.      The allegations in paragraph 28 of the Complaint purport to characterize the content of the Governing Agreements.  HSBC respectfully refers the Court to those Governing Agreements for a full and complete reading of their content, and HSBC denies any characterizations inconsistent therewith.

29.      To the extent that the allegations in paragraph 29 of the Complaint purport to characterize the content of the Governing Agreements, HSBC respectfully refers the Court to those Governing Agreements for a full and complete reading of their content, and HSBC denies any characterizations inconsistent therewith.  The remaining allegations in paragraph 29 of the Complaint state conclusions of law, to which no responsive pleading is required, and to the extent that a responsive pleading is required, HSBC denies the allegations.

30.      To the extent that the allegations in paragraph 30 of the Complaint purport to describe the structure of the Covered Trusts, HSBC respectfully refers the Court to the

Governing Agreements for a full and complete reading of their content, and HSBC denies any characterizations inconsistent therewith.  HSBC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 30 of the Complaint.

31.     HSBC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint.

32.     To the extent that the allegations in paragraph 32 of the Complaint purport to characterize the content of HSBC's governing agreements and fee schedules, HSBC respectfully refers the Court to these agreements and schedules, and HSBC denies any characterizations inconsistent therewith.  HSBC denies the remaining allegations in paragraph 32 of the Complaint, including the second sentence of paragraph 32 in its entirety.

33.     HSBC admits it entered into PSAs or Indentures with respect to the trusts listed in paragraph 33 of the Complaint.  To the extent that the allegations in paragraph 33 of the Complaint purport to characterize the content of the Governing Agreements, HSBC respectfully refers the Court to those Governing Agreements for a full and complete reading of their content, and HSBC denies any characterizations inconsistent therewith.  The remaining allegations in paragraph 33 of the Complaint state conclusions of law, to which no responsive pleading is required, and to the extent that a responsive pleading is required, HSBC denies the allegations.

34.     The allegations in paragraph 34, including footnote 3, and Exhibit C of the Complaint purport to characterize the content of the Governing Agreements.  HSBC respectfully refers the Court to those Governing Agreements for a full and complete reading of their content, and HSBC denies any characterizations inconsistent therewith.

35.     The allegations in paragraph 35 and Exhibit C of the Complaint purport to characterize the content of the Governing Agreements.  HSBC respectfully refers the Court to

those Governing Agreements for a full and complete reading of their content, and HSBC denies any characterizations inconsistent therewith.

36.     The allegations in paragraph 36 and Exhibit C of the Complaint purport to characterize the content of the Governing Agreements.  HSBC respectfully refers the Court to those Governing Agreements for a full and complete reading of their content, and HSBC denies any characterizations inconsistent therewith.

37.     The allegations in paragraph 37 of the Complaint state conclusions of law to which no responsive pleading is required, and to the extent that a responsive pleading is required, HSBC denies the allegations.

38.     The allegations in paragraph 38 and Exhibit C of the Complaint purport to characterize the content of the Governing Agreements.  HSBC respectfully refers the Court to those Governing Agreements for a full and complete reading of their content, and HSBC denies any characterizations inconsistent therewith.

39.     To the extent that the allegations in paragraph 39 state conclusions of law, no responsive pleading is required, and to the extent that a responsive pleading is required, HSBC denies the allegations.  The remaining allegations in paragraph 39 and Exhibit C purport to characterize the content of the Governing Agreements.  HSBC respectfully refers the Court to those Governing Agreements for a full and complete reading of their content, and HSBC denies any characterizations inconsistent therewith.

40.     The allegations in paragraph 40 and Exhibit C of the Complaint purport to characterize the content of the Governing Agreements and the Form of Trustee Certification. HSBC respectfully refers the Court to those documents for a full and complete reading of their content, and HSBC denies any characterizations inconsistent therewith.

41.     The allegations in paragraph 41, including footnote 4, and Exhibit C of the Complaint purport to characterize the content of the Governing Agreements.  HSBC respectfully refers the Court to those Governing Agreements for a full and complete reading of their content, and HSBC denies any characterizations inconsistent therewith.

42.     The allegations in paragraph 42 and Exhibit C of the Complaint purport to characterize the content of the Governing Agreements.  HSBC respectfully refers the Court to those Governing Agreements for a full and complete reading of their content, and HSBC denies any characterizations inconsistent therewith.

43.     To the extent that the allegations in paragraph 43 and Exhibit C of the Complaint purport to characterize the content of the Governing Agreements, HSBC respectfully refers the Court to those Governing Agreements for a full and complete reading of their content, and HSBC denies any characterizations inconsistent therewith.  HSBC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 43 of the Complaint.

44.     The allegations in paragraph 44 and Exhibit C of the Complaint purport to characterize the content of the Governing Agreements.  HSBC respectfully refers the Court to those Governing Agreements for a full and complete reading of their content, and HSBC denies any characterizations inconsistent therewith.

45.     To the extent that the allegations in paragraph 45 state conclusions of law, no responsive pleading is required, and to the extent that a responsive pleading is required, HSBC denies the allegations.  The remaining allegations in paragraph 45 purport to characterize the content of the Governing Agreements.  HSBC respectfully refers the Court to those Governing

Agreements for a full and complete reading of their content, and HSBC denies any characterizations inconsistent therewith.

46.     To the extent that the allegations in paragraph 46 are pleaded in support of Plaintiff's TIA claim as to the Covered Trusts governed by PSAs, no response is required because that claim has been dismissed pursuant to the Court's decision in *Royal Park Investments SA/NV v. HSBC Bank USA, N.A.*, 109 F. Supp. 3d 587 (S.D.N.Y. 2015), and the parties' stipulation dated January 20, 2016.  The remaining allegations in paragraph 46 of the Complaint state conclusions of law, to which no responsive pleading is required, and to the extent that a responsive pleading is required, HSBC denies the allegations.

47.     To the extent that the allegations in paragraph 47 are pleaded in support of Plaintiff's TIA claim as to the Covered Trusts governed by PSAs, no response is required because that claim has been dismissed pursuant to the Court's decision in *Royal Park Investments SA/NV v. HSBC Bank USA, N.A.*, 109 F. Supp. 3d 587 (S.D.N.Y. 2015), and the parties' stipulation dated January 20, 2016.  The remaining allegations in paragraph 47 of the Complaint state conclusions of law, to which no responsive pleading is required, and to the extent that a responsive pleading is required, HSBC denies the allegations.

48.     To the extent that the allegations in paragraph 48 are pleaded in support of Plaintiff's TIA claim as to the Covered Trusts governed by PSAs, no response is required because that claim has been dismissed pursuant to the Court's decision in *Royal Park Investments SA/NV v. HSBC Bank USA, N.A.*, 109 F. Supp. 3d 587 (S.D.N.Y. 2015), and the parties' stipulation dated January 20, 2016.  To the extent that the allegations in paragraph 48 state conclusions of law, no responsive pleading is required, and to the extent that a responsive

pleading is required, HSBC denies the allegations.  HSBC denies the remaining allegations in paragraph 48 of the Complaint.

49.     To the extent that the allegations in paragraph 49 of the Complaint state conclusions of law, no responsive pleading is required, and to the extent that a responsive pleading is required, HSBC denies the allegations.  The remaining allegations in paragraph 49 and Exhibit C of the Complaint purport to characterize the content of the Governing Agreements. HSBC respectfully refers the Court to those Governing Agreements for a full and complete reading of their content, and HSBC denies any characterizations inconsistent therewith.

50.     The allegations in paragraph 50 of the Complaint state conclusions of law, to which no responsive pleading is required, and to the extent that a responsive pleading is required, HSBC denies the allegations.

51.     To the extent that the allegations in paragraph 51 are pleaded in support of Plaintiff's TIA claim as to the Covered Trusts governed by PSAs, no response is required because that claim has been dismissed pursuant to the Court's decision in *Royal Park Investments SA/NV v. HSBC Bank USA, N.A.*, 109 F. Supp. 3d 587 (S.D.N.Y. 2015), and the parties' stipulation dated January 20, 2016.  The remaining allegations in paragraph 51 of the Complaint state conclusions of law, to which no responsive pleading is required, and to the extent that a responsive pleading is required, HSBC denies the allegations.

52.     To the extent that the allegations in paragraph 52 of the Complaint are pleaded in support of Plaintiff's Streit Act claim, which has been dismissed, no response is required.  The remaining allegations in paragraph 52 of the Complaint state conclusions of law, to which no responsive pleading is required, and to the extent that a responsive pleading is required, HSBC denies the allegations.

53.     To the extent that the allegations in paragraph 53 state conclusions of law, no responsive pleading is required, and to the extent that a responsive pleading is required, HSBC denies the allegations.  HSBC denies the remaining allegations in paragraph 53 of the Complaint.

54.     HSBC denies the allegations in paragraph 54 of the Complaint.

55.     The allegations in paragraph 55 of the Complaint purport to characterize the content of the Governing Agreements.  HSBC respectfully refers the Court to those Governing Agreements for a full and complete reading of their content, and HSBC denies any characterizations inconsistent therewith.

56.     The allegations in paragraph 56 and Exhibit C of the Complaint purport to characterize the content of the Governing Agreements.  HSBC respectfully refers the Court to those Governing Agreements for a full and complete reading of their content, and HSBC denies any characterizations inconsistent therewith.

57.     The allegations in paragraph 57 and Exhibit C of the Complaint purport to characterize the content of the Governing Agreements.  HSBC respectfully refers the Court to those Governing Agreements for a full and complete reading of their content, and HSBC denies any characterizations inconsistent therewith.

58.     The allegations in paragraph 58 and Exhibit C of the Complaint purport to characterize the content of the Governing Agreements.  HSBC respectfully refers the Court to those Governing Agreements for a full and complete reading of their content, and HSBC denies any characterizations inconsistent therewith.

59.     The allegations in paragraph 59 and Exhibit C of the Complaint purport to characterize the content of the Governing Agreements.  HSBC respectfully refers the Court to

those Governing Agreements for a full and complete reading of their content, and HSBC denies any characterizations inconsistent therewith.

60.     The allegations in paragraph 60 and Exhibit C of the Complaint purport to characterize the content of the Governing Agreements.  HSBC respectfully refers the Court to those Governing Agreements for a full and complete reading of their content, and HSBC denies any characterizations inconsistent therewith.

61.     HSBC denies the allegations in paragraph 61 of the Complaint.

62.     To the extent that the allegations in paragraph 62 are pleaded in support of Plaintiff's negligence claims that have been dismissed pursuant to the Court's decision in *Royal Park Investments SA/NV v. HSBC Bank USA, N.A.*, 109 F. Supp. 3d 587 (S.D.N.Y. 2015), and the parties' stipulation dated January 20, 2016, no response is required.  The remaining allegations in paragraph 62 and Exhibit C of the Complaint purport to characterize the content of the Governing Agreements.  HSBC respectfully refers the Court to those Governing Agreements for a full and complete reading of their content, and HSBC denies any characterizations inconsistent therewith.

63.     To the extent that the allegations in paragraph 63 are pleaded in support of Plaintiff's negligence claims that have been dismissed pursuant to the Court's decision in *Royal Park Investments SA/NV v. HSBC Bank USA, N.A.*, 109 F. Supp. 3d 587 (S.D.N.Y. 2015), and the parties' stipulation dated January 20, 2016, no response is required.  The remaining allegations in paragraph 63 of the Complaint state conclusions of law to which no responsive pleading is required, and to the extent that a responsive pleading is required, HSBC denies the allegations.

64. To the extent that the allegations in paragraph 64 are pleaded in support of Plaintiff's negligence claims that have been dismissed pursuant to the Court's decision in *Royal Park Investments SA/NV v. HSBC Bank USA, N.A.*, 109 F. Supp. 3d 587 (S.D.N.Y. 2015), and the parties' stipulation dated January 20, 2016, no response is required. The remaining allegations in paragraph 64 of the Complaint state conclusions of law to which no responsive pleading is required, and to the extent that a responsive pleading is required, HSBC denies the allegations.

65. HSBC lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding third party Sponsors and Originators in paragraph 65 of the Complaint. HSBC denies the remaining allegations in paragraph 65 of the Complaint.

66. The allegations in paragraph 66 and Exhibit C of the Complaint purport to characterize the content of the Governing Agreements. HSBC respectfully refers the Court to those Governing Agreements for a full and complete reading of their content, and HSBC denies any characterizations inconsistent therewith.

67. The allegations in paragraph 67 of the Complaint purport to characterize the content of the Governing Agreements. HSBC respectfully refers the Court to those Governing Agreements for a full and complete reading of their content, and HSBC denies any characterizations inconsistent therewith.

68. HSBC denies the allegations in paragraph 68 of the Complaint.

69. HSBC admits that it served as Trustee or Indenture Trustee, as those terms are defined in the relevant agreements, for certain residential mortgage-backed securitization trusts from 2004 through 2007. HSBC denies the remaining allegations in paragraph 69 of the Complaint.

70.     To the extent that the allegations in paragraph 70 of the Complaint purport to characterize the content of court filings in foreclosure proceedings, HSBC respectfully refers the Court to those filings for a full and complete reading of their content, and HSBC denies any characterizations inconsistent therewith.  HSBC denies the remaining allegations in paragraph 70 of the Complaint.

71.     To the extent that the allegations in paragraph 71 of the Complaint purport to characterize the content of court filings, HSBC respectfully refers the Court to those court filings for a full and complete reading of their content, and HSBC denies any characterizations inconsistent therewith.  HSBC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 71 of the Complaint.

72.     HSBC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 72 of the Complaint.  To the extent that the allegations in paragraph 72 of the Complaint purport to characterize the content of court filings, HSBC respectfully refers the Court to those court filings for a full and complete reading of their content, and HSBC denies any characterizations inconsistent therewith.  To the extent that the allegations in paragraph 72 of the Complaint state conclusions of law, no responsive pleading is required, and to the extent that a responsive pleading is required, HSBC denies the allegations. HSBC denies the remaining allegations in paragraph 72 of the Complaint.

73.     HSBC denies the allegations in paragraph 73 of the Complaint.

74.     To the extent that the allegations in paragraph 74 of the Complaint state conclusions of law, no responsive pleading is required, and to the extent that a responsive pleading is required, HSBC denies the allegations.  HSBC lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding third party Sponsors and

Originators in paragraph 74 and Exhibit F of the Complaint.  HSBC denies the remaining allegations in paragraph 74 of the Complaint.

75.     To the extent that the allegations in paragraph 75 of the Complaint purport to characterize the content of court filings, HSBC respectfully refers the Court to those court filings for a full and complete reading of their content, and HSBC denies any characterizations inconsistent therewith.  HSBC denies the remaining allegations in paragraph 75 of the Complaint.

76.     The allegations in paragraph 76 of the Complaint purport to characterize the content of notices sent by monoline insurers.  HSBC respectfully refers the Court to those notices for a full and complete reading of their content, and HSBC denies any characterizations inconsistent therewith.

77.     To the extent that the allegations in paragraph 77 of the Complaint purport to characterize the content of the Governing Agreements, HSBC respectfully refers the Court to those Governing Agreements for a full and complete reading of their content, and HSBC denies any characterizations inconsistent therewith.  HSBC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 77 of the Complaint.

78.     HSBC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78 of the Complaint.

79.     To the extent that the allegations in paragraph 79 of the Complaint purport to characterize the content of court filings, HSBC respectfully refers the Court to those court filings for a full and complete reading of their content, and HSBC denies any characterizations inconsistent therewith.  HSBC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 79 of the Complaint.

80.     To the extent that the allegations in paragraph 80 of the Complaint purport to characterize the content of court filings, HSBC respectfully refers the Court to those court filings for a full and complete reading of their content, and HSBC denies any characterizations inconsistent therewith.  HSBC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 80 of the Complaint.

81.     HSBC denies the allegations in paragraph 81 of the Complaint.

82.     HSBC denies the allegations in paragraph 82 of the Complaint.

83.     To the extent that the allegations in paragraph 83 of the Complaint purport to characterize credit ratings assigned to the Covered Trusts, the credit ratings speak for themselves, and HSBC denies any characterizations inconsistent therewith.  To the extent that the allegations in paragraph 83 and Exhibits D and E of the Complaint purport to characterize the content of court filings, government reports, and remittance reports, HSBC respectfully refers the Court to those documents for a full and complete reading of their content, and HSBC denies any characterizations inconsistent therewith.  HSBC denies the remaining allegations in paragraph 83 of the Complaint.

84.     To the extent that the allegations in paragraph 84 of the Complaint state conclusions of law, no responsive pleading is required, and to the extent that a responsive pleading is required, HSBC denies the allegations.  HSBC denies the remaining allegations in paragraph 84 of the Complaint.

85.     The allegations in paragraph 85 of the Complaint purport to characterize the content of the Governing Agreements.  HSBC respectfully refers the Court to those Governing Agreements for a full and complete reading of their content, and HSBC denies any characterizations inconsistent therewith.

86.     HSBC denies the allegations in paragraph 86 of the Complaint.

87.     To the extent that the allegations in paragraph 87 state conclusions of law, no responsive pleading is required, and to the extent that a responsive pleading is required, HSBC denies the allegations.  The remaining allegations in paragraph 87 purport to identify the parties to the transactions that gave rise to the Covered Trusts.  HSBC respectfully refers the Court to the transaction documents for a full and complete listing of the transaction parties, and HSBC denies any characterizations inconsistent therewith.

88.     To the extent that the allegations in paragraph 88 and Exhibit F of the Complaint purport to characterize the content of government reports, court reports, press reports, and other publicly available documents, HSBC respectfully refers the Court to those documents for a full and complete reading of their content, and HSBC denies any characterizations inconsistent therewith.  HSBC lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding third party Sponsors and Originators in paragraph 88 and Exhibit F of the Complaint.  HSBC denies the remaining allegations in paragraph 88 of the Complaint.

89.     To the extent that the allegations in paragraph 89 of the Complaint purport to characterize the content of court filings, investigation reports, and other documents arising out of "investigations and lawsuits," HSBC respectfully refers the Court to those documents for a full and complete reading of their content, and HSBC denies any characterizations inconsistent therewith.  HSBC lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding third party Sponsors and Originators in paragraph 89 of the Complaint.  HSBC denies the remaining allegations in paragraph 89 of the Complaint.

90.     HSBC denies the allegations in paragraph 90 of the Complaint.

91.     HSBC denies the allegations in paragraph 91 of the Complaint.

92.     To the extent that the allegations in paragraph 92, including footnote 5, of the Complaint state conclusions of law, no responsive pleading is required, and to the extent that a responsive pleading is required, HSBC denies the allegations.  To the extent that the allegations in paragraph 92, including footnote 5, of the Complaint purport to characterize the content of the Governing Agreements, HSBC respectfully refers the Court to those Governing Agreements for a full and complete reading of their content, and HSBC denies any characterizations inconsistent therewith.  HSBC denies the remaining allegations in paragraph 92 of the Complaint.

93.     The allegations in paragraph 93 of the Complaint purport to characterize the content of the content of the Governing Agreements.  HSBC respectfully refers the Court to the Governing Agreements for a full and complete reading of their content, and HSBC denies any characterizations inconsistent therewith.

94.     To the extent that the allegations in paragraph 94 of the Complaint state conclusions of law, no responsive pleading is required, and to the extent that a responsive pleading is required, HSBC denies the allegations.  To the extent that the allegations in paragraph 94 of the Complaint purport to characterize the content of the Governing Agreements, HSBC respectfully refers the Court to those Governing Agreements for a full and complete reading of their content, and HSBC denies any characterizations inconsistent therewith.   HSBC denies the remaining allegations in paragraph 94 of the Complaint.

95.     To the extent that the allegations in paragraph 95 of the Complaint state conclusions of law, no responsive pleading is required, and to the extent that a responsive pleading is required, HSBC denies the allegations.  HSBC denies the remaining allegations in paragraph 95 of the Complaint.

96.     To the extent that the allegations in paragraph 96 of the Complaint are pleaded in support of a claim that has been dismissed pursuant to the Court's decision in *Royal Park Investments SA/NV v. HSBC Bank USA, N.A.*, 109 F. Supp. 3d 587 (S.D.N.Y. 2015), and the parties' stipulation dated January 20, 2016, no response is required.  To the extent that the allegations in paragraph 96 of the Complaint purport to characterize the content of the Governing Agreements, final certifications, and exception reports, HSBC respectfully refers the Court to those documents for a full and complete reading of their content, and HSBC denies any characterizations inconsistent therewith.  HSBC denies the remaining allegations in paragraph 96 of the Complaint.

97.     To the extent that the allegations in paragraph 97 of the Complaint are pleaded in support of a claim that has been dismissed pursuant to the Court's decision in *Royal Park Investments SA/NV v. HSBC Bank USA, N.A.*, 109 F. Supp. 3d 587 (S.D.N.Y. 2015), and the parties' stipulation dated January 20, 2016, no response is required.  To the extent that the allegations in paragraph 97 of the Complaint purport to characterize the content of the Governing Agreements and exception reports.  HSBC respectfully refers the Court to those documents for a full and complete reading of their content, and HSBC denies any characterizations inconsistent therewith.  HSBC lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding third party Custodians.  HSBC denies the remaining allegations in paragraph 97 of the Complaint.

98.     To the extent that the allegations in paragraph 98 of the Complaint are pleaded in support of a claim that has been dismissed pursuant to the Court's decision in *Royal Park Investments SA/NV v. HSBC Bank USA, N.A.*, 109 F. Supp. 3d 587 (S.D.N.Y. 2015), and the parties' stipulation dated January 20, 2016, no response is required.  To the extent that the

allegations in paragraph 98 and Exhibit G, of the Complaint purport to characterize the content of government reports, court reports, press reports, and other publicly available documents, HSBC respectfully refers the Court to those documents for a full and complete reading of their content, and HSBC denies any characterizations inconsistent therewith.  HSBC denies the remaining allegations in paragraph 98 of the Complaint.

99.      To the extent that the allegations in paragraph 99 of the Complaint are pleaded in support of a claim that has been dismissed pursuant to the Court's decision in *Royal Park Investments SA/NV v. HSBC Bank USA, N.A.*, 109 F. Supp. 3d 587 (S.D.N.Y. 2015), and the parties' stipulation dated January 20, 2016, no response is required.  To the extent that the allegations in paragraph 99 of the Complaint purport to characterize the content of the Governing Agreements, HSBC respectfully refers the Court to those Governing Agreements for a full and complete reading of their content, and HSBC denies any characterizations inconsistent therewith. HSBC denies the remaining allegations in paragraph 99 of the Complaint.

100.      To the extent that the allegations in paragraph 100 of the Complaint are pleaded in support of a claim that has been dismissed pursuant to the Court's decision in *Royal Park Investments SA/NV v. HSBC Bank USA, N.A.*, 109 F. Supp. 3d 587 (S.D.N.Y. 2015), and the parties' stipulation dated January 20, 2016, no response is required.  To the extent that the allegations in paragraph 100 and Exhibit C of the Complaint purport to characterize the content of the Governing Agreements, HSBC respectfully refers the Court to those Governing Agreements for a full and complete reading of their content, and HSBC denies any characterizations inconsistent therewith.  The remaining allegations in paragraph 100 of the Complaint state conclusions of law, to which no responsive pleading is required, and to the extent that a responsive pleading is required, HSBC denies the allegations.

101.    To the extent that the allegations in paragraph 101 of the Complaint are pleaded in support of a claim that has been dismissed pursuant to the Court's decision in *Royal Park Investments SA/NV v. HSBC Bank USA, N.A.*, 109 F. Supp. 3d 587 (S.D.N.Y. 2015), and the parties' stipulation dated January 20, 2016, no response is required.  The remaining allegations in paragraph 101 of the Complaint purport to characterize the content of the Governing Agreements.  HSBC respectfully refers the Court to those Governing Agreements for a full and complete reading of their content, and HSBC denies any characterizations inconsistent therewith.

102.    To the extent that the allegations in paragraph 102 of the Complaint are pleaded in support of a claim that has been dismissed pursuant to the Court's decision in *Royal Park Investments SA/NV v. HSBC Bank USA, N.A.*, 109 F. Supp. 3d 587 (S.D.N.Y. 2015), and the parties' stipulation dated January 20, 2016, no response is required.  To the extent that the allegations in paragraph 102 and Exhibit G of the Complaint state conclusions of law, no responsive pleading is required, and to the extent that a responsive pleading is required, HSBC denies the allegations.  HSBC lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding third parties.  HSBC denies the remaining allegations in paragraph 102 of the Complaint.

103.    To the extent that the allegations in paragraph 103 of the Complaint are pleaded in support of a claim that has been dismissed pursuant to the Court's decision in *Royal Park Investments SA/NV v. HSBC Bank USA, N.A.*, 109 F. Supp. 3d 587 (S.D.N.Y. 2015), and the parties' stipulation dated January 20, 2016, no response is required.  To the extent that the allegations in paragraph 103 of the Complaint state conclusions of law, no responsive pleading is required, and to the extent that a responsive pleading is required, HSBC denies the allegations. HSBC denies the remaining allegations in paragraph 103 of the Complaint.

104.     HSBC admits that the MHC Trusts were governed by Indentures.  The remaining allegations in paragraph 104 of the Complaint purport to characterize the content of the Governing Agreements.  HSBC respectfully refers the Court to those Governing Agreements for a full and complete reading of their content, and HSBC denies any characterizations inconsistent therewith.

105.     The allegations in paragraph 105 of the Complaint purport to characterize the content of the Governing Agreements.  HSBC respectfully refers the Court to those Governing Agreements for a full and complete reading of their content, and HSBC denies any characterizations inconsistent therewith.

106.     The allegations in paragraph 106 of the Complaint purport to characterize the content of the Governing Agreements.  HSBC respectfully refers the Court to those Governing Agreements for a full and complete reading of their content, and HSBC denies any characterizations inconsistent therewith.

107.     To the extent that the allegations in paragraph 107 of the Complaint state conclusions of law, no responsive pleading is required, and to the extent that a responsive pleading is required, HSBC denies the allegations.  HSBC denies the remaining allegations in paragraph 107 of the Complaint.

108.     To the extent that the allegations in paragraph 108 and Exhibit F of the Complaint state conclusions of law, no responsive pleading is required, and to the extent that a responsive pleading is required, HSBC denies the allegations.  HSBC denies the remaining allegations in paragraph 108 and Exhibit F of the Complaint.

109.     The allegations in paragraph 109 of the Complaint purport to characterize the content of a letter.  HSBC respectfully refers the Court to that letter for a full and complete reading of its content, and HSBC denies any characterizations inconsistent therewith.

110.     HSBC admits that, at the direction of Certificateholders as provided in the Governing Agreements, it has commenced lawsuits against certain parties, including DB Structured Products, Inc.  The remaining allegations in paragraph 110 of the Complaint purport to characterize the content of court filings.  HSBC respectfully refers the Court to those court filings for a full and complete reading of their content, and HSBC denies any characterizations inconsistent therewith.

111.     To the extent that the allegations in paragraph 111 of the Complaint purport to characterize the content of court filings, HSBC respectfully refers the Court to those court filings for a full and complete reading of their content, and HSBC denies any characterizations inconsistent therewith.  To the extent that the allegations in paragraph 111 of the Complaint state conclusions of law, no responsive pleading is required, and to the extent that a responsive pleading is required, HSBC denies the allegations.  HSBC denies the remaining allegations in paragraph 111 of the Complaint.

112.     The allegations in paragraph 112 of the Complaint purport to characterize the content of court filings.  HSBC respectfully refers the Court to those court filings for a full and complete reading of their content, and HSBC denies any characterizations inconsistent therewith.

113.     The allegations in paragraph 113 of the Complaint purport to characterize the content of court filings.  HSBC respectfully refers the Court to those court filings for a full and complete reading of their content, and HSBC denies any characterizations inconsistent therewith.

114.    The allegations in paragraph 114 of the Complaint purport to characterize the content of court filings.  HSBC respectfully refers the Court to those court filings for a full and complete reading of their content, and HSBC denies any characterizations inconsistent therewith.

115.    To the extent that the allegations in paragraph 115 of the Complaint purport to characterize the content of court filings, HSBC respectfully refers the Court to those court filings for a full and complete reading of their content, and HSBC denies any characterizations inconsistent therewith.  HSBC denies the remaining allegations in paragraph 115 of the Complaint.

116.    The allegations in paragraph 116 and Exhibit C of the Complaint purport to characterize the content of the Governing Agreements.  HSBC respectfully refers the Court to those Governing Agreements for a full and complete reading of their content, and HSBC denies any characterizations inconsistent therewith.

117.    To the extent that the allegations in paragraph 117 and Exhibit C of the Complaint purport to characterize the content of the Governing Agreements, HSBC respectfully refers the Court to those Governing Agreements for a full and complete reading of their content, and HSBC denies any characterizations inconsistent therewith.  HSBC denies the remaining allegations in paragraph 117 of the Complaint.

118.    To the extent that the allegations in paragraph 118 of the Complaint purport to characterize the content of the Governing Agreements, HSBC respectfully refers the Court to those Governing Agreements for a full and complete reading of their content, and HSBC denies any characterizations inconsistent therewith.  To the extent that the allegations in paragraph 118 of the Complaint state conclusions of law, no responsive pleading is required, and to the extent that a responsive pleading is required, HSBC denies the allegations.  HSBC lacks knowledge or

information sufficient to form a belief as to the truth of the allegations regarding third party servicers.  HSBC denies the remaining allegations in paragraph 118 of the Complaint.

119.    To the extent that the allegations in paragraph 119 of the Complaint purport to characterize the content of the Governing Agreements, HSBC respectfully refers the Court to those Governing Agreements for a full and complete reading of their content, and HSBC denies any characterizations inconsistent therewith.  To the extent that the allegations in paragraph 119 of the Complaint state conclusions of law, no responsive pleading is required, and to the extent that a responsive pleading is required, HSBC denies the allegations.  HSBC lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding third party servicers.  HSBC denies the remaining allegations in paragraph 119 of the Complaint.

120.    HSBC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 120 of the Complaint.

121.    The allegations in paragraph 121 purport to identify the parties to the transactions that gave rise to the Covered Trusts.  HSBC respectfully refers the Court to the transaction documents for a full and complete listing of the transaction parties, and HSBC denies any characterizations inconsistent therewith.

122.    HSBC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 122 of the Complaint.

123.    HSBC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 123 of the Complaint.

124.    To the extent that the allegations in paragraph 124 of the Complaint state conclusions of law, no responsive pleading is required, and to the extent that a responsive

pleading is required, HSBC denies the allegations.  HSBC denies the remaining allegations in paragraph 124 of the Complaint.

125.    HSBC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 125 and Exhibit H of the Complaint.

126.    HSBC denies the allegations in paragraph 126 of the Complaint.

127.    HSBC denies the allegations in paragraph 127 of the Complaint.

128.    The allegations in paragraph 128 of the Complaint purport to characterize the content of an Interagency Review.  HSBC respectfully refers the Court to the Interagency Review for a full and complete reading of its content, and HSBC denies any characterizations inconsistent therewith.

129.    The allegations in paragraph 129 of the Complaint purport to characterize the content of a press release.  HSBC respectfully refers the Court to the press release for a full and complete reading of its content, and HSBC denies any characterizations inconsistent therewith.

130.    The allegations in paragraph 130 of the Complaint purport to characterize the content of a consent order.  HSBC respectfully refers the Court to that consent order for a full and complete reading of its content, and HSBC denies any characterizations inconsistent therewith.

131.    The allegations in paragraph 131 of the Complaint purport to characterize the content of a press release.  HSBC respectfully refers the Court to the press release for a full and complete reading of its content, and HSBC denies any characterizations inconsistent therewith.

132.    The allegations in paragraph 132 of the Complaint purport to characterize the content of a news report.  HSBC respectfully refers the Court to the news report for a full and complete reading of its content, and HSBC denies any characterizations inconsistent therewith.

133.     To the extent that the allegations in paragraph 133 of the Complaint purport to characterize the content of court filings, HSBC respectfully refers the Court to those filings for a full and complete reading of their content, and HSBC denies any characterizations inconsistent therewith.  HSBC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 133 of the Complaint.

134.     To the extent that the allegations in paragraph 134 of the Complaint purport to characterize the content of court filings, HSBC respectfully refers the Court to those court filings for a full and complete reading of their content, and HSBC denies any characterizations inconsistent therewith.  HSBC denies the remaining allegations in paragraph 134 of the Complaint.

135.     HSBC denies the allegations in paragraph 135 of the Complaint.

136.     HSBC lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding third parties in paragraph 136 and Exhibits F, G, and H of the Complaint.  To the extent that the allegations in paragraph 136 and Exhibits F, G, and H of the Complaint purport to characterize the content of government reports, court reports, press reports, and other publicly available documents, HSBC respectfully refers the Court to those documents for a full and complete reading of their content, and HSBC denies any characterizations inconsistent therewith.  HSBC denies the remaining allegations in paragraph 136 of the Complaint.

137.     HSBC denies the allegations on paragraph 137 of the Complaint.

138.     To the extent that the allegations in paragraph 138 of the Complaint purport to characterize the content of the Governing Agreements, HSBC respectfully refers the Court to those Governing Agreements for a full and complete reading of their content, and HSBC denies

any characterizations inconsistent therewith.  To the extent that the allegations in paragraph 138 of the Complaint state conclusions of law, no responsive pleading is required, and to the extent that a responsive pleading is required, HSBC denies the allegations.  HSBC denies the remaining allegations in paragraph 138 of the Complaint.

139.    HSBC lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding third party Servicers.  HSBC denies the remaining allegations in paragraph 139 of the Complaint.

140.    To the extent that the allegations in paragraph 140 of the Complaint purport to characterize the content of the Governing Agreements, HSBC respectfully refers the Court to those Governing Agreements for a full and complete reading of their content, and HSBC denies any characterizations inconsistent therewith.  To the extent that the allegations in paragraph 140 of the Complaint state conclusions of law, no responsive pleading is required, and to the extent that a responsive pleading is required, HSBC denies the allegations.  HSBC denies the remaining allegations in paragraph 140 of the Complaint.

141.    To the extent that the allegations in paragraph 141 of the Complaint state conclusions of law, no responsive pleading is required, and to the extent that a responsive pleading is required, HSBC denies the allegations.  HSBC lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the sales of the "Sold Certificates."  HSBC denies the remaining allegations in paragraph 141 of the Complaint.

142.    To the extent that the allegations in paragraph 142 of the Complaint state conclusions of law, no responsive pleading is required, and to the extent that a responsive pleading is required, HSBC denies the allegations.  HSBC denies the remaining allegations in paragraph 142 of the Complaint.

143.   To the extent that the allegations in paragraph 143 of the Complaint state conclusions of law, no responsive pleading is required, and to the extent that a responsive pleading is required, HSBC denies the allegations.  HSBC denies the remaining allegations in paragraph 143 of the Complaint.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Violations of the TIA)**

144.   HSBC repeats and realleges each and every response set forth in the foregoing paragraphs as if fully set forth herein.

145.   To the extent that the allegations in paragraph 145 are pleaded in support of Plaintiff's TIA claim as to the Covered Trusts governed by PSAs, no response is required because that claim has been dismissed pursuant to the Court's decision in *Royal Park Investments SA/NV v. HSBC Bank USA, N.A.*, 109 F. Supp. 3d 587 (S.D.N.Y. 2015), and the parties' stipulation dated January 20, 2016.  The remaining allegations in paragraph 145 of the Complaint state conclusions of law, to which no responsive pleading is required, and to the extent that a responsive pleading is required, HSBC denies the allegations.

146.   To the extent that the allegations in paragraph 146 are pleaded in support of Plaintiff's TIA claim as to the Covered Trusts governed by PSAs, no response is required because that claim has been dismissed pursuant to the Court's decision in *Royal Park Investments SA/NV v. HSBC Bank USA, N.A.*, 109 F. Supp. 3d 587 (S.D.N.Y. 2015), and the parties' stipulation dated January 20, 2016.  To the extent that the allegations in paragraph 146 of the Complaint state conclusions of law, no responsive pleading is required, and to the extent that a responsive pleading is required, HSBC denies the allegations.  HSBC lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in paragraph 146 of the Complaint.

147.    To the extent that the allegations in paragraph 147 are pleaded in support of Plaintiff's TIA claim as to the Covered Trusts governed by PSAs, no response is required because that claim has been dismissed pursuant to the Court's decision in *Royal Park Investments SA/NV v. HSBC Bank USA, N.A.*, 109 F. Supp. 3d 587 (S.D.N.Y. 2015), and the parties' stipulation dated January 20, 2016.  The remaining allegations in paragraph 147 of the Complaint state conclusions of law, to which no responsive pleading is required, and to the extent that a responsive pleading is required, HSBC denies the allegations.

148.    To the extent that the allegations in paragraph 148 are pleaded in support of Plaintiff's TIA claim as to the Covered Trusts governed by PSAs, no response is required because that claim has been dismissed pursuant to the Court's decision in *Royal Park Investments SA/NV v. HSBC Bank USA, N.A.*, 109 F. Supp. 3d 587 (S.D.N.Y. 2015), and the parties' stipulation dated January 20, 2016.  HSBC denies the remaining allegations in paragraph 148 of the Complaint.

149.    To the extent that the allegations in paragraph 149 are pleaded in support of Plaintiff's TIA claim as to the Covered Trusts governed by PSAs, no response is required because that claim has been dismissed pursuant to the Court's decision in *Royal Park Investments SA/NV v. HSBC Bank USA, N.A.*, 109 F. Supp. 3d 587 (S.D.N.Y. 2015), and the parties' stipulation dated January 20, 2016.  To the extent that the allegations in paragraph 149 of the Complaint state conclusions of law, no responsive pleading is required, and to the extent that a responsive pleading is required, HSBC denies the allegations.  HSBC denies the remaining allegations in paragraph 149 of the Complaint.

150.    To the extent that the allegations in paragraph 150 are pleaded in support of Plaintiff's TIA claim as to the Covered Trusts governed by PSAs, no response is required because that claim has been dismissed pursuant to the Court's decision in *Royal Park Investments SA/NV v. HSBC Bank USA, N.A.*, 109 F. Supp. 3d 587 (S.D.N.Y. 2015), and the parties' stipulation dated January 20, 2016.  To the extent that the allegations in paragraph 150 of the Complaint state conclusions of law, no responsive pleading is required, and to the extent that a responsive pleading is required, HSBC denies the allegations.  HSBC denies the remaining allegations in paragraph 150 of the Complaint.

151.    To the extent that the allegations in paragraph 151 are pleaded in support of Plaintiff's TIA claim as to the Covered Trusts governed by PSAs, no response is required because that claim has been dismissed pursuant to the Court's decision in *Royal Park Investments SA/NV v. HSBC Bank USA, N.A.*, 109 F. Supp. 3d 587 (S.D.N.Y. 2015), and the parties' stipulation dated January 20, 2016.  To the extent that the allegations in paragraph 151 of the Complaint state conclusions of law, no responsive pleading is required, and to the extent that a responsive pleading is required, HSBC denies the allegations.  HSBC denies the remaining allegations in paragraph 151 of the Complaint.

152.    To the extent that the allegations in paragraph 152 are pleaded in support of Plaintiff's TIA claim as to the Covered Trusts governed by PSAs, no response is required because that claim has been dismissed pursuant to the Court's decision in *Royal Park Investments SA/NV v. HSBC Bank USA, N.A.*, 109 F. Supp. 3d 587 (S.D.N.Y. 2015), and the parties' stipulation dated January 20, 2016.  HSBC denies the remaining allegations in paragraph 152 of the Complaint.

153.    To the extent that the allegations in paragraph 153 are pleaded in support of Plaintiff's TIA claim as to the Covered Trusts governed by PSAs, no response is required because that claim has been dismissed pursuant to the Court's decision in *Royal Park Investments SA/NV v. HSBC Bank USA, N.A.*, 109 F. Supp. 3d 587 (S.D.N.Y. 2015), and the parties' stipulation dated January 20, 2016.  HSBC denies the remaining allegations in paragraph 153 of the Complaint.

## SECOND CAUSE OF ACTION
### (Breach of Contract)

154.    HSBC repeats and realleges each and every response set forth in the foregoing paragraphs as if fully set forth herein.

155.    To the extent that the allegations in paragraph 155 of the Complaint state conclusions of law, no responsive pleading is required.  The remaining allegations in paragraph 155 of the Complaint purport to characterize the content of the Governing Agreements.  HSBC respectfully refers the Court to these Governing Agreements for a full and complete reading of their content, and HSBC denies any characterizations inconsistent therewith.

156.    The allegations in paragraph 156 of the Complaint purport to characterize the content of the Governing Agreements.  HSBC respectfully refers the Court to those Governing Agreements for a full and complete reading of their content, and HSBC denies any characterizations inconsistent therewith.

157.    To the extent that the allegations in paragraph 157 of the Complaint state conclusions of law, no responsive pleading is required, and to the extent that a responsive pleading is required, HSBC denies the allegations.  HSBC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 157 of the Complaint.

158.     To the extent that the allegations in paragraph 158 of the Complaint purport to characterize the content of the Governing Agreements, HSBC respectfully refers the Court to those Governing Agreements for a full and complete reading of their content, and HSBC denies any characterizations inconsistent therewith.  To the extent that the allegations in paragraph 158 of the Complaint state conclusions of law, no responsive pleading is required, and to the extent that a responsive pleading is required, HSBC denies the allegations.  HSBC denies the remaining allegations in paragraph 158 of the Complaint.

159.     The allegations in paragraph 159 of the Complaint state conclusions of law, to which no responsive pleading is required, and to the extent that a responsive pleading is required, HSBC denies the allegations.

160.     To the extent that the allegations in paragraph 160 of the Complaint state conclusions of law, no responsive pleading is required, and to the extent that a responsive pleading is required, HSBC denies the allegations.  HSBC denies the remaining allegations in paragraph 160 of the Complaint.

161.     The allegations in paragraph 161 of the Complaint state conclusions of law, to which no responsive pleading is required, and to the extent that a responsive pleading is required, HSBC denies the allegations.

162.     The allegations in paragraph 162 of the Complaint state conclusions of law, to which no responsive pleading is required, and to the extent that a responsive pleading is required, HSBC denies the allegations.

### THIRD CAUSE OF ACTION
**(Breach of Fiduciary Duty)**

163.     HSBC repeats and realleges each and every response set forth in the foregoing paragraphs as if fully set forth herein.

164.    The allegations in paragraph 164 of the Complaint state conclusions of law, to which no responsive pleading is required, and to the extent that a responsive pleading is required, HSBC denies the allegations.

165.    The allegations in paragraph 165 of the Complaint state conclusions of law, to which no responsive pleading is required, and to the extent that a responsive pleading is required, HSBC denies the allegations.

166.    To the extent that the allegations in paragraph 166 of the Complaint state conclusions of law, no responsive pleading is required, and to the extent that a responsive pleading is required, HSBC denies the allegations.  HSBC denies the remaining allegations in paragraph 166 of the Complaint.

## FOURTH CAUSE OF ACTION
### (Negligence and Gross Negligence)

167.    HSBC repeats and realleges each and every response set forth in the foregoing paragraphs as if fully set forth herein.

168.    To the extent that the allegations in paragraph 168 are pleaded in support of Plaintiff's negligence claims that have been dismissed pursuant to the Court's decision in *Royal Park Investments SA/NV v. HSBC Bank USA, N.A.*, 109 F. Supp. 3d 587 (S.D.N.Y. 2015), and the parties' stipulation dated January 20, 2016, no response is required.  To the extent that the allegations in paragraph 168 of the Complaint state conclusions of law, no responsive pleading is required, and to the extent that a responsive pleading is required, HSBC denies the allegations. HSBC denies the remaining allegations in paragraph 168 of the Complaint.

169.    To the extent that the allegations in paragraph 169 are pleaded in support of Plaintiff's negligence claims that have been dismissed pursuant to the Court's decision in *Royal Park Investments SA/NV v. HSBC Bank USA, N.A.*, 109 F. Supp. 3d 587 (S.D.N.Y. 2015), and

the parties' stipulation dated January 20, 2016, no response is required.  To the extent that the

allegations in paragraph 169 of the Complaint state conclusions of law, no responsive pleading is

required, and to the extent that a responsive pleading is required, HSBC denies the allegations.

HSBC denies the remaining allegations in paragraph 169 of the Complaint.

**FIFTH CAUSE OF ACTION**
**(Violation of the Streit Act)**

170.    HSBC repeats and realleges each and every response set forth in the foregoing

paragraphs as if fully set forth herein.

171.    No response is required to the allegations in paragraph 171 of the Complaint

because they were pleaded in support of Plaintiff's Streit Act claim, which has been dismissed

pursuant to the Court's order dated June 8, 2016.

172.    No response is required to the allegations in paragraph 172 of the Complaint

because they were pleaded in support of Plaintiff's Streit Act claim, which has been dismissed

pursuant to the Court's order dated June 8, 2016.

173.    No response is required to the allegations in paragraph 173 of the Complaint

because they were pleaded in support of Plaintiff's Streit Act claim, which has been dismissed

pursuant to the Court's order dated June 8, 2016.

174.    No response is required to the allegations in paragraph 174 of the Complaint

because they were pleaded in support of Plaintiff's Streit Act claim, which has been dismissed

pursuant to the Court's order dated June 8, 2016.

175.    No response is required to the allegations in paragraph 175 of the Complaint

because they were pleaded in support of Plaintiff's Streit Act claim, which has been dismissed

pursuant to the Court's order dated June 8, 2016.

176.    No response is required to the allegations in paragraph 176 of the Complaint because they were pleaded in support of Plaintiff's Streit Act claim, which has been dismissed pursuant to the Court's order dated June 8, 2016.

## SIXTH CAUSE OF ACTION
### (Breach of the Covenant of Good Faith)

177.    HSBC repeats and realleges each and every response set forth in the foregoing paragraphs as if fully set forth herein.

178.    No response is required to the allegations in paragraph 178 of the Complaint because they were pleaded in support of Plaintiff's claim for breach of the covenant of good faith, which has been dismissed pursuant to the Court's order dated June 8, 2016.

179.    No response is required to the allegations in paragraph 179 of the Complaint because they were pleaded in support of Plaintiff's claim for breach of the covenant of good faith, which has been dismissed pursuant to the Court's order dated June 8, 2016.

180.    No response is required to the allegations in paragraph 180 of the Complaint because they were pleaded in support of Plaintiff's claim for breach of the covenant of good faith, which has been dismissed pursuant to the Court's order dated June 8, 2016.

181.    No response is required to the allegations in paragraph 181 of the Complaint because they were pleaded in support of Plaintiff's claim for breach of the covenant of good faith, which has been dismissed pursuant to the Court's order dated June 8, 2016.

## ANSWER TO PRAYER FOR RELIEF

WHEREFORE, HSBC denies that Plaintiff is entitled to relief against it, and HSBC requests that the Court dismiss and enter judgment on all claims and counts against it with prejudice and order such further relief as the Court deems just and proper, including, to the extent appropriate, all allowable costs and fees.

## AFFIRMATIVE DEFENSES

HSBC asserts the following affirmative defenses.  HSBC undertakes the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.  Further, HSBC reserves the right to amend this Answer if additional defenses, counterclaims, or third party claims become apparent through the course of this action. Further, HSBC reserves the right to assert any and all defenses on which HSBC does not bear the burden of proof, including but not limited to the defense that Plaintiff has failed to allege facts or a cause of action sufficient to support a claim for attorney's fees and costs.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim against HSBC upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, under the doctrines of res judicata and collateral estoppel.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks contractual standing.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### FIFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks equitable relief against HSBC, it is not entitled to that relief because it has an adequate remedy at law.

## SIXTH AFFIRMATIVE DEFENSE

In the event Plaintiff recovers a verdict or judgment against HSBC, or any party to the Governing Agreements, for any past or future claimed economic loss, said verdict or judgment must be reduced by any applicable collateral source or recovery and any double recovery is prohibited.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the TIA does not apply to the Covered Trusts or certificates issued pursuant to the Covered Trusts.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims contradict, and are expressly barred, in whole or in part, by the terms of the Governing Agreements.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because HSBC never assumed certain of the purported duties alleged in the Complaint.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because HSBC did not breach any of its purported duties alleged in the Complaint, whether imposed by the Governing Agreements, common law, or statute, if at all, and HSBC's conduct did not, directly or indirectly, constitute unlawful acts.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because HSBC is not bound to make any investigation into the facts or matters stated in any resolution, certificate, instrument, opinion, report, notice, request, consent, order, approval, bond, or other paper or document, unless

requested in writing to do so by Certificateholders as defined in the Governing Agreements, and there is no allegation that HSBC received such a direction.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because HSBC is not liable for any action taken or omitted by it in good faith and reasonably believed by it to be authorized or within the discretion or rights or powers conferred upon it by the Governing Agreements, and there is no allegation that HSBC acted in bad faith.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because HSBC is not deemed to have actual knowledge or notice of any matter unless actually known by a Responsible Officer, or unless HSBC receives written notices as required in the Governing Agreements, and no Responsible Officer of HSBC had actual knowledge or received written notices of the wrongdoing alleged in the Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because no default or Event of Default has occurred under the Governing Agreements or the TIA so as to require notice to Certificateholders or trigger heightened Trustee obligations, including the duty to act as a prudent person would in managing his or her own affairs.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because it has not sustained any injury in fact or damages as a consequence of HSBC's alleged actions or inactions.  To the extent that Plaintiff has suffered any injuries at all, such injuries were caused by market forces, its own investment decisions, and/or the actions or omissions of others.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because HSBC received and was entitled to rely and be protected in acting or refraining from acting upon any resolution, Officer's Certificate, certificate of auditors, or any other certificate, statement, instrument, opinion, report, notice, request, consent, order, approval, bond, or other paper or document believed by it to be genuine and to have been signed or presented by the proper party or parties.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because third parties, not the Trustee, were charged with enforcing the breaches at issue, and the Trustee may not be held liable for acts or omissions of these third parties.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by ratification, estoppel, waiver, or laches.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by unclean hands or in pari delicto.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's asserted damages, if any, may have been caused by, or were the result of, actions or inactions of parties other than HSBC or parties over whom HSBC had no authority or control.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's asserted damages, if any, may have been proximately caused by independent, superseding, or intervening acts of parties or entities other than HSBC or parties or entities over whom HSBC had no authority or control.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's asserted damages may be barred, in whole or in part, because the alleged damages, if any, are too remote and/or speculative to allow recovery and/or because determining whether, or to what extent, Plaintiff was damaged is impossible.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that they have been released, settled, resolved through an accord and satisfaction, waived, or otherwise compromised.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail because, at all times relevant to the Complaint, HSBC complied with all applicable federal and state regulations.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail because any and all actions taken by HSBC with respect to any of the matters alleged in the Complaint were taken in accordance with established industry practice.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail because they are too remote and speculative to form the basis for relief.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred or should be reduced based on the Plaintiff's failure to mitigate damages.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred or should be reduced based on the culpable conduct attributable to Plaintiff pursuant to N.Y. C.P.L.R. § 1411.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because they are duplicative.

### THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff's TIA claim is barred because there is no private right of action under the TIA.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's state law claims are barred, in whole or in part, because they are preempted by the TIA.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff may not recover for investment losses for trusts where the relevant agreement precludes the recovery of consequential damages.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

To the extent that HSBC is found liable to Plaintiff for any damages, HSBC is entitled to indemnity from other parties or entities.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

To the extent that HSBC is found liable to Plaintiff for any damages, HSBC is entitled to contribution from other parties or entities.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the Governing Agreements' No-Action Clauses.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that any enforcement action taken by HSBC against an allegedly breaching party (e.g., Seller or Servicer) would not have

yielded any recovery for the Covered Trusts due to the insolvency of the allegedly breaching party or for any other reason.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, due to the failure of an express condition precedent, namely, the failure of Certificateholders possessing the requisite ownership in the Covered Trusts from providing direction and indemnification to HSBC to pursue any action.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because HSBC reasonably relied upon the work, advice, professional judgment, and opinions of others, including but not limited to legal and compliance professionals, upon which HSBC was entitled to rely.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing.

* * *

HSBC gives notice that it intends to rely upon any additional defenses that are now or may become available or appear during, or as a result of, the discovery proceedings in this action.  HSBC reserves its right to amend this Answer to assert those defenses.


WHEREFORE, HSBC respectfully requests judgment:

A.  dismissing with prejudice all claims asserted against HSBC;

B.  awarding the costs of defending this action, including reasonable attorneys' fees and disbursements; and

C.  granting such other and further relief as this Court may deem just and proper.

Dated:  July 8, 2016                    Respectfully submitted,

                                        By:   /s/  George A. Borden
                                              _____
                                              George A. Borden
                                              Kevin M. Hodges (*pro hac vice*)
                                              Edward C. Reddington (*pro hac vice*)
                                              Vidya Atre Mirmira (*pro hac vice*)
                                              Eric C. Wiener (*pro hac vice*)
                                              WILLIAMS & CONNOLLY LLP
                                              725 Twelfth Street, N.W.
                                              Washington, DC 20005
                                              Telephone: (202) 434-5000
                                              Facsimile: (202) 434-5029
                                              gborden@wc.com
                                              khodges@wc.com
                                              ereddington@wc.com
                                              vmirmira@wc.com
                                              ewiener@wc.com

                                              *Counsel for HSBC Bank USA, NA*

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2016, I electronically filed the foregoing Answer of

Defendant HSBC Bank USA, National Association with the Clerk of the Court using the

CM/ECF system which will send notification of such filing to all counsel of record in this matter

who are on the CM/ECF system.


/s/  George A. Borden
George A. Borden