UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PHOENIX LIGHT SF LIMITED, *et al.*, <br>     Plaintiffs, <br> v. <br> HSBC BANK USA, N.A., <br>     Defendant. | No. 1:14-cv-10101-LGS-SN |
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, *et al.*, <br>     Plaintiffs, <br> v. <br> HSBC BANK USA, N.A., <br>     Defendant. | No. 1:15-cv-02144-LGS-SN |
| COMMERZBANK AG, <br>     Plaintiff, <br> v. <br> HSBC BANK USA, N.A., <br>     Defendant. | No. 1:15-cv-10032-LGS-SN |
| TRIAXX PRIME CDO 2006-01, *et al.*, <br>     Plaintiffs, <br> v. <br> HSBC BANK USA, N.A., <br>     Defendant. | No. 1:15-cv-10096-LGS-SN |

**MEMORANDUM OF LAW IN SUPPORT OF NON-CLASS PLAINTIFFS'
MOTION FOR CLARIFICATION OR, IN THE ALTERNATIVE, RECONSIDERATION
<u>OF TWO SPECIFIC ASPECTS OF THE SAMPLING OPINION</u>**

The non-class plaintiffs respectfully seek clarification or, in the alternative, reconsideration of the Court's February 23, 2018 Opinion (NCUA Dkt. 314), specifically that (1) "discovery or receipt of notice" as used in § 2.03 of the Pooling and Servicing Agreements ("PSAs") cannot mean actual knowledge; and (2) plaintiffs accordingly may prove liability based on evidence showing discovery or notice of numerous breaches that does not itself identify specific loans.  Plaintiffs do not here seek relief with respect to the bottom-line holding that Magistrate Judge Netburn's discovery order was not clearly erroneous, which was based on the Court's conclusion that "sampling would provide slight benefit at great cost and therefore is not justified under the proportionality standard of Rule 26." Opinion at 5.

But the same type of cost-benefit reasoning counsels for clarification of certain permissible arguments plaintiffs may advance at trial concerning the meaning of "discovery or receipt of notice."  Plaintiffs had argued that this phrase equates to *constructive notice* but, as the Opinion explains, "Judge Netburn rejected the argument, finding that § 2.03 requires *actual knowledge* about defect or breach as to a specific loan . . . ." Opinion at 4 (emphasis added). The Opinion nevertheless concluded that, "[f]or now, it is unnecessary to decide what level of loan-specific knowledge or notice is required to satisfy § 2.03," noting that Judge Failla in a similar case found "it 'plausible' that plaintiffs might demonstrate 'discovery' through a showing of *conscious avoidance or implied actual knowledge*, either of which would [have] imposed a higher burden than 'constructive knowledge.'" *Id.* at 5-6 (quoting *BlackRock et al. v. Wells Fargo Bank*, 2017 WL 3610511, at *10 (S.D.N.Y. Aug. 21, 2017)) (emphasis added).

Like the Court in *Wells Fargo*, the First Department recently held that discovery cannot mean actual knowledge, reasoning that "plaintiffs were not required to allege that defendant [RMBS trustee] had actual knowledge of a loan-specific breach" because the "PSA uses the

1

word 'discovery' in section 2.04 and the term 'actual knowledge' in section 8.01, which implies that these terms have *different meanings*." *Fixed Income Shares v. Citibank, N.A.*, 157 A.D. 3d 541, 542 (N.Y. 1st Dep't 2018) (emphasis added); *see* Plts.' 01/18/18 Ltr. (Dkt. 309).

Plaintiffs, therefore, respectfully seek clarification that (1) discovery cannot mean actual knowledge, and (2) the Opinion does not preclude proof of liability at trial based on evidence the trustee obtained "discovery or receipt of notice" that a specific trust contained many breaching loans, even if specific loans were not named. Such clarification of the permissible arguments plaintiffs may advance before a jury is necessary and appropriate now in order to avoid burdens on the parties and the Court given that plaintiffs will now need to perform expensive re-underwriting of many *more* loans than if sampling were permitted.

As things now stand, HSBC will continue to argue throughout expert discovery that "discovery" means "actual knowledge" based on the Magistrate Judge's underlying order, despite recent First Department authority squarely rejecting that construction. Plaintiffs will argue that "discovery" means constructive knowledge, or — at a minimum — conscious avoidance or implied actual knowledge, constructions that *Wells Fargo* held are permissible. Before plaintiffs go to the great expense of developing their cases based in part on trust-specific evidence of numerous breaches that might not demonstrate actual knowledge, plaintiffs respectfully seek clarification that the Opinion does not preclude such evidentiary theories.

**I. THE COURT SHOULD CLARIFY THAT "DISCOVERY" DOES NOT MEAN "ACTUAL KNOWLEDGE" AND THAT THE JURY MAY CREDIT EVIDENCE OF HSBC'S DISCOVERY OR NOTICE OF NUMEROUS BREACHES**

To be clear, plaintiffs never intended to prove discovery or notice through sampling but, in certain cases, through evidence HSBC possessed facts arousing suspicions as to numerous breaches throughout a given trust, even if that evidence did not itself identify specific loans.

For example, plaintiffs cited a 2007 notice from Goldman Sachs, as securities underwriter for numerous trusts backed by loans originated by Fremont, listing 14 trusts and stating its belief that there were numerous representation and warranty ("R&W") breaches throughout.[1] As the Opinion notes, "[o]riginators and sponsors review each loan file and make R&Ws as to each loan." Securities underwriters likewise conducted due diligence and made R&Ws to investors in prospectuses. *See FHFA. v. Nomura Holding Am., Inc.*, 873 F.3d 85, 131 (2d Cir. 2017) ("The Securities Act places upon underwriters the primary responsibility for verifying the accuracy and completeness of information provided to potential investors."); *id.* at 133 ("responsibility as an [RMBS] underwriter to verify independently the representations in the offering documents").

Accordingly, the notice from securities underwriter Goldman Sachs that 14 Fremont deals likely contained numerous breaching loans should have been taken seriously and investigated by trustee HSBC. Such evidence should suffice to show the trustee's discovery or notice of such breaches whether "discovery or receipt of notice" is construed by a jury to mean constructive knowledge — as plaintiffs continue to maintain — or conscious avoidance or implied actual knowledge as held by the *Wells Fargo* court, making it important at a minimum to clarify now that "discovery" *cannot* be limited to mean "actual knowledge."

Plaintiffs also cited HSBC's own complaints (at least 23 in total) filed against the same Deutsche Bank and Nomura entities that sponsored multiple trusts at issue in this case, in which HSBC alleged that Deutsche Bank and Nomura's securitization operations were fundamentally flawed and systematically securitized breaching loans — allegations that apply equally to the trusts at issue here because they repeatedly allege a fundamentally broken assembly line for

---

[1] *See* Plts.' Sampling Br. (Dkt. 247) at 21-22; Plts.' Reply (Dkt. 257) at 5.

3

providing loans to RMBS trusts over which HSBC agreed to serve as trustee.[2] Those allegations made by HSBC's own attorneys and following investigations by counsel and subject to Rule 11, were no less reliable than the Goldman Sachs notice and would similarly support a finding of liability by the trier of fact under any construction of "discovery" short of actual knowledge.

The Court should clarify that the trier of fact may consider and weigh such evidentiary theories pursuant to PSA § 2.03 and permissibly may construe "discovery" to mean something other than actual knowledge. Indeed, both the First Department and the *Wells Fargo* Court have held unequivocally that "discovery" *cannot* mean "actual knowledge," *supra* p.1, and there is every reason to provide such clarity here as well. Accordingly, the Court should clarify that a jury may permissibly credit plaintiff's evidence of "discovery or receipt of notice" of numerous breaches under any construction of that phrase short of actual knowledge.[3]

## II. IN THE ALTERNATIVE, THE COURT SHOULD GRANT RECONSIDERATION

If the Court construes the Opinion to preclude a jury from crediting plaintiffs' evidence of numerous breaches in a given trust, then plaintiffs respectfully request reconsideration. Reconsideration is appropriate where "the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also Virgin Atlantic Airways v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.

---

[2] *See* Plts.' Sampling Br. 11 n.13; Plts.' Reply 7 n.9; Plts.' 1/30/18 Ltr. (Dkt. 312) at 3; Plts.' 11/29/17 Ltr. (Dkt. 297) at 2-3 & Ex. 16 (Dkt. 297-1) at 11-20.

[3] Other evidence will show loan-specific discovery or notice of breaches. Even there it is important to clarify "discovery" cannot mean "actual knowledge" so plaintiffs' experts may proceed effectively. The Opinion (at 8) also notes that the PSAs "impose[] a heightened, prudent person standard of care on the trustee" after an event of default. Because this is not disputed, plaintiffs' motion is limited to clarification concerning HSBC's duties pursuant to PSA § 2.03 separate from any event of default.

4

1992) (reconsideration appropriate where "based on an intervening change of controlling law").

Two such potentially overlooked matters could warrant reconsideration here.

*First*, the Court several times referred to the "loan-specific nature of the trustee's duties under the PSAs," which HSBC likely will contend means that discovery is the same as actual knowledge. Opinion at 6; *see also id.* at 5 ("requirement that HSBC have information on a loan-by-loan basis to trigger its duties"); *id.* ("the 'discovery or receipt of notice' requirement must require HSBC to have information about a specific loan, rather than generalized knowledge or notice extrapolated from other loans"). As *Wells Fargo* explained in holding that discovery cannot mean actual knowledge, however, "the fact that a trustee cannot undertake the contractually required measures without knowing of a specific defect, in a specific loan, in a specific trust should not also permit a trustee to avoid its obligations under this Section [2.03] through a stance of willful blindness." *Wells Fargo*, 2017 WL 3610511, at *9 ("Defendant cannot avoid liability by willfully blinding itself for the purpose of disclaiming knowledge.").

Under that reasoning, HSBC's decision not to investigate loans in the Fremont, Deutsche Bank, or Nomura trusts in view of its receipt of the Goldman Sachs notice and robust allegations in 23 of its own complaints at a minimum is conscious avoidance, and certainly is implied actual knowledge or constructive knowledge. A contrary view would overlook the First Department's clear holding that the PSA term "discovery" *as applied to an RMBS trustee* must "have [a] different meaning[]" from "actual knowledge." *Fixed Income*, 157 A.3d at 542; *see DiBella v. Hopkins*, 403 F.3d 102, 112 (2d Cir. 2005) (federal court should follow "intermediate appellate court" unless "convinced … the [state's] highest court … would decide otherwise"); *see also* Plts.' Sampling Br. 15-19.

*Second*, the Opinion distinguished cases submitted by plaintiffs for the proposition that

5

"discovery" means constructive notice on the ground they arose where the trustee was a plaintiff seeking to prove discovery or notice by a seller or originator, pointing out that such entities typically know more about the loans than the trustee. *See* Opinion at 7-8. Thus, where the evidence supports it, plaintiffs should be allowed to proceed on a theory of discovery or notice of numerous breaches. A contrary view necessarily would overlook that the "discovery or receipt of notice" language enforced by the trustee against a seller is *identical* to the same language as used in PSA § 2.03 that applies to the trustee's failure to enforce seller repurchase duties and therefore must be given the same meaning in both contexts.

As the Court recognized (at 4), § 2.03 "imposes duties on HSBC . . . upon HSBC's 'discovery or receipt of notice' of (i) any materially defective Mortgage File document or (ii) a breach by the Seller of any representation or warranty ('R&W')." Importantly, the PSA expressly refers to seller R&Ws in an interlocking "Mortgage Loan Purchase Agreement" executed at or near the same time as the PSA.[4] "Under New York law," such documents are to "be read and interpreted together." *Carvel Corp. v. Diversified Mgmt.*, 930 F.2d 228, 233 (2d Cir. 1991). Even granting that a seller would have more information constituting "discovery or receipt of notice," the legal standard itself cannot mean different things for different entities.

Case law has consistently construed "discovery or receipt of notice" to require an RMBS trustee to follow up on reasonable suspicions and file claims against sellers in order to avoid having claims time-barred. *See* Plts.' Sampling Br. 18; *MASTR Trust 2006-HE3 v. WMC Mortg. Corp.*, 2012 WL 4511065, at *7 (D. Minn. 2012) (holding trustee was "constructively aware of"

---

[4] *See* Plts.' Sampling Br. 17-18; Dkt. 196-2 at 2 (ACE 2005-AG1 PSA § 2.03(a): "Upon discovery or receipt of notice of any . . . breach by the Seller of any representation, warranty or covenant *under the Mortgage Loan Purchase Agreement* . . . ." (emphasis added)).

6

and therefore "duty-bound to investigate" breaches more promptly). It would be illogical to construe "discovery or receipt of notice" as used in an MLPA to require timely investigation and action by the trustee as a plaintiff, while construing the same phrase as used in the interlocking PSA quite differently to allow a trustee to ignore evidence arousing suspicions and thereby allow viable claims to expire when sued as a defendant by RMBS investors. This is particularly true where HSBC frequently failed to inform investors of the suspicious information it obtained — including the Goldman Sachs notice — thereby depriving investors of the opportunity to direct prompt action, while simultaneously sacrificing investors' remedy. *See* Plts.' Sampling Br. 22.

Further, although RMBS "trustees [do not] have a *general* duty to investigate in the first place," Opinion at 7 (emphasis added), PSA § 2.03 imposes a *specific* duty for the trustee to enforce R&W breaches based on discovery or notice, and the case law uniformly requires it to investigate suspicions based on constructive knowledge and thus a PSA "duty . . . to pick up the scent and nose to the source" once it becomes aware of facts creating suspicions of a breach, else the claims could be lost. *Bank of N.Y. Mellon v. Morgan Stanley Mortg. Capital*, 2013 WL 3146824, at *19 (S.D.N.Y. 2013), *aff'd in relevant part*, 821 F.3d 297, 309-10 (2d Cir. 2016). Importantly, HSBC entered into the PSAs *after* courts had already construed "discovery" of R&W breaches to mean "knows or should know." *See* Plts.' Sampling Br. 15-17 & n.15.

The *Wells Fargo* court likewise recognized that "it becomes incumbent upon the Trustee to pick up the scent and nose to the source" after "learning of facts … suggestive of a breach." *BlackRock v. Wells Fargo*, 247 F. Supp. 3d 377, 393 (S.D.N.Y. 2017). Such reasoning is consistent with the Second Circuit's conclusion that the district court in *Bank of New York Mellon* "*correctly* observed [that] the law charges a party with discovery of a breach only after it has had a *reasonable opportunity* to investigate and confirm its suspicions." 821 F.3d at 309-10

7

(emphasis added). If *actual confirmation*, *i.e.*, actual knowledge, were required, it would not matter whether the party had "a reasonable opportunity to investigate." By recognizing that such an opportunity *does* matter, the Second Circuit endorsed as "correct" the District Court's holding that "discovery" occurs "not only if [a party] 'knows' of the breach, but also if it 'should know,'" 2013 WL 3146824, at *20, thus requiring investigation based on facts arousing suspicion.

*****

Plaintiffs respectfully submit that any holding equating "discovery" with "actual knowledge" or otherwise precluding plaintiffs from proving discovery or notice with evidence such as the Goldman Sachs notice or HSBC's knowledge gained in the course of filing 23 complaints against common sponsors alleging a pervasively broken assembly line is contrary to First Department and overlooks critical features of the interlocking MLPAs and PSAs at issue.

Clarification or reconsideration on these issues is justified and efficient. If the Court has effectively decided the evidentiary submissions described herein are precluded, then it should make that clear now so both parties can avoid significant costs and burdens of preparing their expert and evidentiary cases while preserving plaintiffs' appellate rights. And if the Court grants clarification or reconsideration — respectfully, it should — then the parties will benefit in preparing their cases and future disputes for the Court to resolve may be minimized.

**CONCLUSION**

The Court should clarify or grant reconsideration and hold that (1) "discovery" as used in the PSAs cannot mean "actual knowledge"; and (2) a jury may properly credit plaintiffs' evidence of the trustee's discovery or notice of numerous breaches as described herein.

8


Dated:  March 9, 2018

KOREIN TILLERY LLC

GEORGE A. ZELCS
JOHN A. LIBRA
MATTHEW C. DAVIES
MAX C. GIBBONS
  205 North Michigan Plaza, Suite 1950
  Chicago, IL 60601
  Tel:  (312) 641-9750
  Fax: (312) 641-9760
-and-
STEPHEN M. TILLERY
  505 North Seventh Street, Suite 3600
  St. Louis, MO 63101-1625
  Tel:   (314) 241-4844
  Fax:  (314) 241-3525
-and-

WOLLMUTH MAHER & DEUTSCH LLP

*/s/ Steven S. Fitzgerald*

DAVID H. WOLLMUTH
STEVEN S. FITZGERALD
RANDALL R. RAINER
NIRAJ J. PAREKH
  500 Fifth Avenue
  New York, NY 10110
  Tel:   (212) 382-3300
  Fax:  (212) 382-0050

*Counsel for Plaintiffs Phoenix Light SF Limited, et al.*

Respectfully submitted,

KELLOGG, HANSEN, TODD, FIGEL
  & FREDERICK, P.L.L.C.

*/s/ Scott K. Attaway*

DAVID C. FREDERICK
SCOTT K. ATTAWAY
MATTHEW M. DUFFY
FREDERICK GASTON HALL
  Sumner Square
  1615 M Street, N.W.
  Suite 400
  Washington, DC 20036
  Tel:   (202) 326-7900
  Fax:  (202) 326-7999

*Counsel for Plaintiff NCUA Board, as Liquidating Agent*

WOLLMUTH MAHER & DEUTSCH LLP

*/s/ Ryan A. Kane*

DAVID H. WOLLMUTH
RYAN A. KANE
NIRAJ J. PAREKH
  500 Fifth Avenue
  New York, NY 10110
  Tel:   (212) 382-3300
  Fax:  (212) 382-0050

*Counsel for Plaintiff Commerzbank AG*

OLSHAN FROME WOLOSKY LLP

*/s/ John G. Moon*

JOHN G. MOON
  1325 Avenue of the Americas
  New York, New York 10019
  Tel: (212) 451-2212
  Fax: (212) 451-2222

*Counsel for the Triaxx Plaintiffs*

Pursuant to this Court's ECF Rule 8.5(b), counsel for NCUA represents that counsel for these Non-Class Plaintiffs have consented to the placement of their electronic signatures on this document.

## CERTIFICATE OF SERVICE

      I hereby certify that on March 9, 2018, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send a Notice of Electronic Filing upon all counsel of record.

                                                    */s/ Scott K. Attaway*
                                                    Scott K. Attaway