March 16, 2018

<u>VIA ECF</u>

Honorable Sarah Netburn
Thurgood Marshall Courthouse
United States District Court
40 Foley Square, Room 430
New York, New York 10007

    Re:    *Royal Park Investments SA/NV v. HSBC Bank USA, N.A.*,
            No. 14-cv-08175
            *BlackRock Balanced Capital Portfolio (FI), et al. v. HSBC Bank USA, N.A.*,
            No. 14-cv-09366
            *Phoenix Light SF Limited, et al. v. HSBC Bank USA, N.A.*,
            No. 14-cv-10101
            *National Credit Union Administration Board, et al. v. HSBC Bank USA, N.A.*,
            No. 15-cv-02144
            *Commerzbank, AG v. HSBC Bank USA, N.A.*,
            No. 15-cv-10032
            *Triaxx Prime CDO 2006-1, Ltd., et al. v. HSBC Bank, USA, N.A.*,
            No. 15-cv-10096

Dear Magistrate Judge Netburn:

       We write on behalf of the class plaintiffs and non-class plaintiffs in the above-captioned actions ("Plaintiffs") in accordance with the Court's March 2, 2018 Order (*Nat'l Credit Union Admin. Bd.* ECF No. 316) concerning the parties' efforts to meet and confer on the requests for a stay and a schedule to govern the remainder of these actions.

       All parties, including Defendant HSBC Bank USA, N.A. ("HSBC"), agree that these actions should be stayed until the later of the resolution of: (i) the non-class plaintiffs' motion for clarification (*Nat'l Credit Union Admin. Bd.* ECF No. 317); and (ii) the class plaintiffs' Fed. R. Civ. P. 23(f) petitions (*Blackrock v. HSBC*, No. 18-450 (2d Cir. filed Feb. 15, 2018), and *Royal Park v. HSBC*, No. 18-455 (2d Cir. filed Feb. 16, 2018) (the "Petitions').

       In the event that the United States Court of Appeals for the Second Circuit ("Second Circuit") denies the Petitions, the parties also agree that all actions should proceed on the same schedule. Plaintiffs submit that under such circumstances, the schedule set forth below should govern all the actions. HSBC does not agree to this schedule and will submit its own proposed schedule.

Honorable Sarah Netburn
March 16, 2018
Page 2

In the event the Second Circuit grants the Petitions, Plaintiffs agree that the schedule set forth below shall govern the non-class plaintiffs' actions and that the class plaintiffs shall submit a separate motion to stay the class actions within seven (7) days of an order from the Second Circuit granting the Petitions. HSBC believes that if the Second Circuit grants the Petitions, then the actions should either all be stayed or all proceed on the same schedule.

Plaintiffs submit that the Court should adopt substantially the same schedule that was previously ordered in the non-class plaintiffs' actions against Wells Fargo, N.A. (S.D.N.Y. Case No. 14-cv-10102, ECF No. 406) (the "Wells Fargo Schedule"). Plaintiffs propose the following pretrial schedule for fact discovery, expert discovery and motions for summary judgment, which mirrors the Wells Fargo Schedule and should be adopted here for the same reasons. *Id*.

The core components of HSBC's proposed schedule, including multiple rounds of summary judgment briefing and a detailed premature loan identification procedure, have already been rejected by this Court in the context of the Wells Fargo Schedule following multiple rounds of briefings and hearings and should be rejected here for the same reasons. (S.D.N.Y. Case No. 14-cv-10102, ECF Nos. 296-297, 392-394, 401. For example, HSBC's request that Plaintiffs identify the bases for proceeding on loans, such as whether a loan has a representation and warranty breach or losses due to improper servicing, asks Plaintiffs to do what is not possible before expert discovery. As another example, HSBC's request for multiple rounds of summary judgment briefing is particularly inefficient in these coordinated cases because there already is a bellwether process in which the case is bifurcated into phases. Having multiple rounds of summary judgement in each phase would result in at least four rounds of summary judgment motions for the Court.[1]

1. **Fact Discovery**

    a. Plaintiffs shall identify all loans on which they will proceed for the remainder of the litigation no later than one (1) month after expiration of the stay.

    b. All third-party fact discovery shall be served upon third parties no later than four (4) months after expiration of the stay.

---

[1] Additionally, it appears that HSBC seeks to limit remaining third-party discovery to depositions. This is inconsistent with the schedule in Wells Fargo (*see* S.D.N.Y. Case. No. 14-cv-10102, ECF No. 406, ¶1(d)), and also makes no sense as Plaintiffs need to obtain additional loan files in light of the Court's sampling order.

1393409_1

2. **Expert Discovery**

   a. Any party intending to rely on an expert at trial for any issue on which that party bears the burden shall disclose the name of the expert and subject matter of the testimony no later than two (2) months after expiration of the stay.

   b. Any expert reports as required by Rule 26(a) on any issue on which the party bears the burden of proof at trial shall be served no later than nine (9) months after expiration of the stay.

   c. Any party intending to rely on an expert at trial to contradict or rebut the expert evidence on a given subject matter shall disclose the name of the expert no later than one (1) month after service of any such expert reports.

   d. Any expert reports as required by Rule 26(a) that are intended by a party to rebut or contradict expert evidence on the same subject matter shall be served no later than sixteen (16) months after expiration of the stay.

   e. Any reply reports shall be provided no later than seventeen (17) months after expiration of the stay.

   f. All expert discovery, including depositions, shall be completed within twenty (20) months of the expiration of the stay.

3. **Summary Judgment**

   a. Motions for summary judgment and any motions to exclude an expert under Rule 702 or *Daubert* are to be filed no later than eighteen (18) months after expiration of the stay.

   b. Oppositions to motions for summary judgment and oppositions to motions to exclude an expert under Rule 702 or *Daubert* are to be filed no later than twenty-four (24) months after expiration of the stay.

   c. Reply motions for summary judgment and reply motions to exclude an expert are to be filed no later than twenty-five (25) months after expiration of the stay.

*   *   *

Honorable Sarah Netburn
March 16, 2018
Page 4

We thank the Court for its attention to this matter and will be prepared to discuss this schedule at the upcoming hearing.

Respectfully submitted,

| | | |
|---|---|---|
| s/Benjamin Galdston | s/Christopher M. Wood | s/John A. Libra |
| Benjamin Galdston | Christopher M. Wood | John A. Libra |
| Bernstein Litowitz Berger & Grossmann LLP | Robbins Geller Rudman & Dowd LLP | Korein Tillery, LLC |
| *Counsel for Blackrock Balanced Capital Portfolio (FI), et al.* | *Counsel for Royal Park Investments SA/NV* | *Counsel for National Credit Union Administration Board, et al.* |

| | |
|---|---|
| s/ Niraj J. Parekh | s/John G. Moon |
| Niraj J. Parekh | John G. Moon |
| Wollmuth Maher & Deutsch LLP | Olshan Frome Wolosky LLP |
| *Counsel for Phoenix Light SF Limited, et al. and for Commerzbank AG* | *Counsel for Triaxx Prime CDO 2006-1, Ltd., et al.* |

cc:    All counsel of record via ECF

1393409_1