**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PHOENIX LIGHT SF LIMITED, *et al.*,<br><br>          Plaintiffs,<br>   v.<br><br>HSBC BANK USA, NATIONAL ASSOCIATION,<br>          Defendant. | **Case No. 14-cv-10101-LGS-SN** |
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, *et al.*,<br><br>          Plaintiffs,<br>   v.<br><br>HSBC BANK USA, NATIONAL ASSOCIATION,<br>          Defendant. | **Case No. 15-cv-2144-LGS-SN** |
| COMMERZBANK AG,<br><br>          Plaintiff,<br>   v.<br><br>HSBC BANK USA, NATIONAL ASSOCIATION,<br>          Defendant. | **Case No. 15-cv-10032-LGS-SN** |
| TRIAXX PRIME CDO 2006-01, *et al.*,<br><br>          Plaintiff,<br>   v.<br><br>HSBC BANK USA, NATIONAL ASSOCIATION,<br>          Defendant. | **Case No. 15-cv-10096-LGS-SN** |

**HSBC BANK USA, N.A.'S OPPOSITION TO
THE NON-CLASS PLAINTIFFS' MOTION FOR
<u>CLARIFICATION OR, IN THE ALTERNATIVE, RECONSIDERATION</u>**

## INTRODUCTION

Non-class Plaintiffs' ("Plaintiffs") request for "clarification" or reconsideration should be denied.  Plaintiffs point to no clear error, no new evidence, and no change in controlling law that would warrant reconsideration, and none exists.  To the contrary, all of the *arguments* Plaintiffs make in their new motion have been raised and addressed previously.  Indeed, Plaintiffs profess not even to be challenging the actual holding of the Court's February 23 Order—namely, that Plaintiffs are not permitted to use sampling to prove their case against an indenture trustee.  For these reasons alone, Plaintiffs' motion should be rejected.

To the extent Plaintiffs purport to seek *clarification* of the Order, they are, in reality, seeking reconsideration.  In particular, Plaintiffs continue to take issue with Judge Scheindlin's and Judge Netburn's holdings in this case that Plaintiffs must show HSBC's actual knowledge of breaches.  Plaintiffs' new motion is nothing more than a rehashing of their arguments that they should be permitted to prove discovery of breaches with something less than actual knowledge and without loan-specific proof.  But the Court already has said that, while it need not resolve the exact meaning of discovery in the context of the sampling decision, "[g]iven the limited and loan-specific nature of the trustee's duties . . . the 'discovery or receipt of notice' requirement must require HSBC to have information about a specific loan, rather than generalized knowledge or notice extrapolated from other loans."  Order at 5.  Thus, Plaintiffs' requested "clarification" is really just an invitation for the Court to reconsider its decision.

However characterized, ultimately what Plaintiffs are seeking is a new ruling, akin to an advisory opinion, that would permit them to try to prove discovery of breaches based on the functional equivalent of a pervasive breach theory and a constructive knowledge standard.  But, under controlling law, Plaintiffs must prove their claims against a trustee loan-by-loan, *Ret. Bd. of the Policemen's Annuity & Benefit Fund of Chi. v. Bank of N.Y. Mellon*, 775 F.3d 154, 162 (2d

Cir. 2014) ("*Policemen's Annuity*"), and courts in cases against RMBS trustees widely have rejected a pervasive breach theory and a constructive knowledge standard because they fail to prove the required loan-specific knowledge, *see, e.g.*, *Phoenix Light SF Ltd. v. Bank of N.Y. Mellon*, 2017 WL 3973951, at *8 (S.D.N.Y. Sep't 7, 2017).  Plaintiffs attempt to side-step this case law by mischaracterizing certain decisions such as *Bank of N.Y. Mellon Trust Co. v. Morgan Stanley Mortgage Capital, Inc.*, 821 F.3d 297 (2d Cir. 2016), *Fixed Income Shares v. Citibank, N.A.*, 157 A.D.3d 541 (1st Dep't 2018), and *BlackRock v. Wells Fargo*, 2017 WL 3610511 (S.D.N.Y. Aug. 21, 2017).  None of these cases actually hold what Plaintiffs argue they do, and HSBC already has addressed them when opposing Plaintiffs' Rule 72 objections and in supplemental authority letters.  Dkt. 264 (HSBC Br. in Opp'n to Pls.' Rule 72 Objs. (hereinafter "HSBC Sampling Br.")) at 18-20; Dkt. 279 & 299 (Supp. Authority Letters) (all docket numbers herein are to Case No. 14-cv-10101).

In any event, should the Court choose to "clarify" its Order, it should affirm, as Judge Scheindlin and Judge Netburn held, that HSBC's duties under § 2.03 of the PSAs are triggered only when it has actual knowledge or has received written notice of specific breaches in particular loans.  Only this interpretation is consistent with the limited duties of an indenture trustee under the PSAs and controlling law.  As the PSAs make clear, the trustee has no implied obligations, has no duty to investigate, and is not required to monitor other parties.  Allowing Plaintiffs to prove "discovery" of breaches based on generic and unproven suspicions, such as those set forth in the 2007 Goldman Sachs letter, contradicts both the limited role of an indenture trustee and the requirement that Plaintiffs prove their case loan-by-loan.

**ARGUMENT**

A motion for reconsideration may not advance new theories, nor re-litigate the merits of issues already decided.  *Montanile v. Nat'l Broad. Co.*, 216 F. Supp. 2d 341, 342 (S.D.N.Y. 2002).  The movant bears the burden of demonstrating "an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992).

**I.**      **Plaintiffs' Motion for Clarification or Reconsideration Should Be Denied.**

Plaintiffs ask the Court to "clarify" its Order by holding that "discovery," as used in § 2.03 of the PSAs, "*cannot* be limited to mean 'actual knowledge.'"  Br. at 3.  Plaintiffs' motion is their *fourth* attempt to argue that "discovery" means constructive knowledge, and thus is nothing more than an attempt to re-litigate arguments already raised.  Moreover, Plaintiffs rely on unsupported characterizations of certain cases, all of which were addressed already by the parties' briefing and supplemental authority letters.  Plaintiffs' arguments do not meet the standard for reconsideration; Plaintiffs cite no change in controlling law, no new evidence, and no clear error.  *See Virgin Atl. Airways*, 956 F.2d at 1255.  Accordingly, whether characterized as clarification or reconsideration, Plaintiffs' motion should be denied.

**A.**      **Plaintiffs' Motion Does Not Meet The Standard for Reconsideration.**

Plaintiffs offer two primary arguments in support of their motion.  First, Plaintiffs argue the Court "overlooked" the First Department's decision in *Fixed Income* and Judge Failla's decision in *Wells Fargo*.  Br. at 5.  Plaintiffs also claim these decisions *hold* that "discovery" does not mean "actual knowledge."  *Id.*  Plaintiffs are wrong on both counts.  The Court did not "overlook" these decisions.  To the contrary, Plaintiffs brought them to the Court's attention and HSBC responded.  *See* Dkt. 279, 280, 298, and 299.  Thus, *Fixed Income* and *Wells Fargo* are neither intervening authority nor new evidence.  Moreover, as explained below, *infra* Part I.B,

3

*Fixed Income* and *Wells Fargo* made no holding concerning the meaning of discovery, notwithstanding Plaintiffs' statements to the contrary.

Second, Plaintiffs argue yet again that the cases they have cited in prior filings, involving claims against loan originators or sellers (not trustees), suggest that Plaintiffs can proceed on claims against a trustee based on constructive knowledge and a "nose to the source" theory.  Br. at 5-8.  The Court, however, already has explained that originator and sponsor cases are inapposite because the duties of those entities are "not comparable to the limited and loan-specific nature of the trustee's duties."  Order at 6.  In fact, the Order distinguishes the very cases Plaintiffs cite in their motion—including *Bank of N.Y. Mellon*—and thus none are intervening authority that would warrant reconsideration.  Order at 7-8; Br. at 6-7.  Nor is the supposed evidence of generalized awareness of breaches that Plaintiffs cite new:  Plaintiffs previously raised in their briefs to Judge Netburn and the Court both the 2007 Goldman Sachs letter and the complaints that HSBC filed at the direction of certificateholders.  As explained below, *infra* Part II.A and n.2, this evidence is insufficient to meet the Second Circuit's requirement of loan-specific proof.  Thus, Plaintiffs' cases and purported evidence do not support their request for reconsideration.

### B.    The Cases Plaintiffs Cite Do Not Hold What Plaintiffs Claim They Hold.

None of the cases Plaintiffs highlight in their motion for reconsideration support the relief Plaintiffs request.  Plaintiffs once again cite *Bank of N.Y. Mellon v. Morgan Stanley Mortgage Capital, Inc.*, 2013 WL 3146824, at *19 (S.D.N.Y. June 19, 2013), a case dealing with a *servicer's* actions, for the purported proposition that a trustee has a "duty . . . to pick up the scent and nose to the source" once it learns facts raising suspicions of a breach.  Br. at 7.  They likewise continue to advance their interpretation of the Second Circuit's subsequent decision in that case, 821 F.3d 297, as holding that the mere opportunity to investigate constitutes discovery.

4

Br. at 7-8.  The Court, however, already has considered and correctly rejected these assertions by noting that *Bank of N.Y. Mellon* "does not imply that the mere opportunity to investigate constitutes discovery or that indenture trustees have a general duty to investigate in the first place."  Order at 7 (citing 821 F.3d at 310).  To the contrary, the *Bank of N.Y. Mellon* opinion instead holds "that there can be no 'discovery' based on unconfirmed suspicions."  Order at 7.  Thus, *Bank of N.Y. Mellon* is neither new authority, nor even substantively helpful to Plaintiffs' arguments about the meaning of discovery.  Rather, when read in the context of a case involving an indenture trustee that has limited duties and no duty to investigate, the opinion supports HSBC's position.

Plaintiffs also re-cite *dicta* in Judge Failla's decision rejecting sampling in *Wells Fargo*.  In doing so, Plaintiffs claim Judge Failla held that "discovery" *cannot* mean actual knowledge.  Br. at 5 (citing 2017 WL 3610511, at *9).  Judge Failla, however, did not hold this.  Rather, as this Court recognized, Judge Failla declined to reach the precise meaning of discovery.  Order at 5-6.  Instead, in *dicta*, Judge Failla merely suggested that it was *plausible* that plaintiffs *might* demonstrate discovery through a showing of conscious avoidance or implied actual knowledge.  *Id.*  Importantly, however, in discussing this hypothetical, Judge Failla specifically rejected an "inquiry notice" or "constructive knowledge" standard as being sufficient to meet Plaintiffs' burden.  *Wells Fargo*, 2017 WL 3610511, at *9.  In any event, to the extent Plaintiffs seek to characterize Judge Failla's opinion as suggesting "discovery" is satisfied by unconfirmed suspicions, their argument is inconsistent with *Bank of N.Y. Mellon*'s instruction that unconfirmed suspicions do not amount to discovery.  *See* 821 F.3d at 310; Order at 7.

Plaintiffs' citation to *Fixed Income* also does not support their request for reconsideration.  *Fixed Income* was a decision on a motion to dismiss, 157 A.D. 3d at 541, and

thus is most relevant to the issue of assessing pleading standards.  Contrary to Plaintiffs'
assertions, it does not hold that inquiry notice or constructive knowledge would suffice to prove
discovery.  Instead, the *Fixed Income* court merely observed (in one sentence with no analysis)
that the use of the terms "discovery" and "actual knowledge" in different parts of the same
contract *implies* they may have different meanings.  *Id.* at 542.  This observation is fully
consistent with HSBC's position.  As HSBC explained in its supplemental authority letter
addressing *Fixed Income*, discovery contains a temporal component connoting the first time
knowledge is acquired.  Dkt. 299.

In any event, whether the terms "discovery" and "actual knowledge" actually have
different meanings would turn on a question of contract interpretation that *Fixed Income* did not
decide.  The PSAs here are hundreds of pages long.  They contain "Definitions" sections, but
neither "discovery" nor "actual knowledge" are defined terms, suggesting that neither term
necessarily has a unique meaning.  Notably, the reference to actual knowledge in the PSAs is
used in the section describing the duties of the trustee.  That section contains numerous
provisions that highlight the trustee's *limited* duties.  The actual knowledge language is found in
a provision that, with minor variations, states that the trustee shall not be deemed to have *notice
or knowledge* of any default unless a Responsible Officer of the Trustee working in the corporate
trust department has *actual knowledge or written notice* thereof.  Thus, the word discovery must
be read in light of the many limitations on the trustee's duties found throughout the PSAs.
Plaintiffs' desired interpretation of discovery—one word they pluck out of context in the middle
of a lengthy agreement—cannot be reconciled with those limited duties.

## II.    Should the Court Reconsider or Clarify its Order, It Should Affirm Judge Netburn's Ruling that Discovery Requires Actual Knowledge.

If the Court were to reconsider its Order, it should rule, consistent with the law of the case and the rulings of other courts, that Plaintiffs must prove HSBC had actual knowledge of breaches of representations and warranties in specific loans.

### A.    Plaintiffs Cannot Prove Their Claims Based on Generalized Proof, Pervasive Breach, or Constructive Knowledge.

Although they no longer explicitly characterize it as such, Plaintiffs' motion continues to be grounded in a constructive knowledge theory of "pervasive breach," which has been soundly rejected as inconsistent with the Second Circuit's mandate of loan-specific proof, *Policemen's Annuity*, 775 F.3d at 162-63, and the language of the PSAs.  *See Phoenix Light*, 2017 WL 3973951, at *7-8; *Royal Park Invs. SA/NV v. HSBC Bank USA, N.A.*, 2017 WL 945099, at *4, 7 (S.D.N.Y. Mar. 10, 2017).[1]  The Court again should reject Plaintiffs' attempt to circumvent this authority.

In *Policemen's Annuity*, the Second Circuit "made clear that to prevail on the merits of their RMBS claims, the plaintiffs cannot rely on generalized proof; rather, plaintiffs must prove their claims that the Trustee breached its contractual obligations 'loan-by-loan and trust-by-trust.'"  *Phoenix Light*, 2017 WL 3973951, at *8.  Likewise, the language of the PSAs confirms that the trustee's duties are loan-specific, and thus the PSAs foreclose the use of non-loan-specific evidence to establish representation and warranty claims.  *Id.*; Order at 7.  Indeed, in granting summary judgment to a trustee on all loans without loan-specific evidence of breach,

---

[1] *See also U.S. Bank Nat'l Ass'n v. UBS Real Estate Sec. Inc.*, 205 F. Supp. 3d 386, 424 (S.D.N.Y. 2016) (rejecting the pervasive breach theory in representation and warranty claims against a sponsor); *MASTR Adjustable Rate Mortg. Tr. 2006-OA2 v. UBS Real Estate Secs. Inc.*, 2015 WL 764665, at *11 (S.D.N.Y. Jan. 9, 2015) (same).

the *Phoenix Light* court rejected the plaintiffs' evidence of alleged systemic problems at sponsor Countrywide—evidence that is directly analogous to the purported evidence Plaintiffs cite in their motion here regarding sponsors Fremont, Nomura, and Deutsche Bank.  *See Phoenix Light*, 2017 WL 3973951, at *7-8; Br. at 3-4.  Numerous courts in this District, including Judge Scheindlin in these cases, have held that "by summary judgment or trial the plaintiffs must present evidence that proves a specific breach of a representation or warranty as to any loan or trust for which plaintiffs allege there was a breach."  *Phoenix Light*, 2017 WL 3973951, at *8; *Royal Park Invs. SA/NV v. HSBC Bank USA, N.A.*, 109 F. Supp. 3d 587, 603 (S.D.N.Y. 2015).

     The evidence Plaintiffs now cite as proof of "discovery" leaves no doubt that their desired standard would contravene the loan-specific-proof requirement.  First, Plaintiffs seek to rely on evidence like the 2007 Goldman Sachs letter, a one-paragraph letter suggesting that "there *may* exist breaches of originators' representations and warranties with respect to the mortgage loans" in certain Fremont trusts.[2]  Dkt. 185-10 (2007 Goldman Sachs Letter) (emphasis added).  That letter contained no loan-specific information, and was based on unidentified "developments in the subprime and Alt-A mortgage market."  *Id.*  This letter falls well short of the loan-specific proof required by the Second Circuit.  *Policemen's Annuity*, 775 F.3d at 162.  Indeed, the letter at most was notice of an unconfirmed suspicion held by Goldman Sachs (which was neither a certificateholder nor a party to the PSA) that breaches might exist.  Such a letter did not trigger HSBC's duty to act, nor does it satisfy *Bank of N.Y. Mellon*'s requirement for

---

[2] Plaintiffs mischaracterize this letter as notice that "14 Fremont deals *likely* contained *numerous* breaching loans."  Br. at 3 (emphasis added to terms not contained in the actual letter).  By contrast, Magistrate Judge Netburn accurately described the letter as notice of "*potential* breaches . . . without identifying *specific* breaches" and correctly held that "without knowing the specific document defects in specific loans, HSBC could not have 'discovered' any breaches in the trust and provide[d] notice."  *Royal Park*, 2017 WL 945099, at *7 (emphases in original).

discovery.  *See* HSBC Sampling Br. at 17-18 (citing PSA provisions); *see also Bank of N.Y. Mellon*, 821 F.3d at 310 (holding that "there can be no 'discovery' based on unconfirmed suspicions," Order at 7).

Second, Plaintiffs cite complaints that HSBC filed as trustee at the direction of certificateholders relating to trusts not at issue in these cases.  Br. at 3.  Allegations in these complaints, by definition, relate to different loans than those at issue here, and, like the Goldman Sachs letter, do not show HSBC's discovery of breaches in different or unidentified loans.  *See Policemen's Annuity*, 775 F.3d at 162.  Plaintiffs offer no support for the proposition that when HSBC is directed by certificateholders to file a complaint with respect to a set of loans in one trust, that direction triggers a duty for HSBC to investigate different loans in other trusts.  Such a proposition would run directly contrary to the no-investigation provisions of the PSAs, among many other provisions.  *See* HSBC Sampling Br. at 17-18 (citing PSA provisions).

Also, Plaintiffs again claim that non-loan-specific evidence imposes a duty on HSBC to "pick up the scent and nose to the source."  Br. at 6-7.  Plaintiffs cite no new authority for this proposition, choosing instead to rehash the same arguments that both Judge Netburn and the Court already considered.  Order at 7-8.  As HSBC explained in its previous briefing, the nose-to-the-source theory is inconsistent with the trustee's limited duties under the PSAs, including the no-investigation provisions.  *See* HSBC Sampling Br. at 17-18.  Indeed, the First Department explicitly has held that an RMBS trustee has no "duty to 'nose to the source.'"  *Commerce Bank v. Bank of N.Y. Mellon*, 141 A.D.3d 413, 415-16 (1st Dep't 2016).  Similarly, the trial court in the only case to proceed to trial against an RMBS trustee raising claims akin to what Plaintiffs claim here also specifically held that an indenture trustee does not have a duty to nose to the source.  *W. & S. Life Ins. Co. v. Bank of N.Y. Mellon*, 2017 WL 3392855, at *10 (Ohio Ct.

Comm. Pl. Aug. 4, 2017).  The PSAs at issue in that case and the trustee's limited duties were

analogous to those at issue here.  *See generally id.*

> **B.      Proving Liability Requires Discovery of Loan-Specific Evidence.**

As the Court's opinion noted, requiring Plaintiffs to prove that HSBC had "information

on a loan-by-loan basis to trigger its duties comports with the structure of § 2.03 of the PSAs and

the limited duties it imposes on HSBC as trustee."  Order at 5.  That "discovery" requires proof

that the trustee had loan-specific, actual knowledge of breaches of representations in specific

loans is supported by the many decisions HSBC cited in its multiple briefs on this issue.  *See,*

*e.g.*, Dkt. 179 (HSBC's Sampling Br. before Judge Netburn) at 11-18; HSBC Sampling Br. at

15-21.  Moreover, it is law of the case that Plaintiffs are required to show HSBC had actual

knowledge of breaches to prevail at summary judgment or trial.  *Royal Park*, 109 F. Supp. 3d at

603.  Judge Netburn reiterated Judge Scheindlin's holding by also finding that "'discovery' as

used in Section 2.03 . . . mean[s] actual knowledge."  *Royal Park*, 2017 WL 945099, at *6.

That a trustee's § 2.03 duties are triggered only by actual knowledge or notice of a breach

in a specific loan is consistent with the trustee's limited duties in an RMBS trust.  The trustee has

no duty to investigate and, as the Court pointed out, has no obligations with respect to allegedly

breaching loans absent receipt of "relevant loan-specific information."  Order at 7.  Under

Plaintiffs' theory, the trustee would be obligated to begin re-underwriting unidentified loans

based on suspicions, developments in the subprime mortgage market, or general observations

about other loans.  Br. at 2-3.  Plaintiffs' theory, however, simply is incompatible with the

trustee's limited role.

**CONCLUSION**

For the foregoing reasons, Plaintiffs' motion should be denied.

10

Dated: March 19, 2018       By:   /s/ *Kevin M. Hodges*
                          George A. Borden
                          Kevin M. Hodges (*pro hac vice*)
                          Andrew W. Rudge (*pro hac vice*)
                          Edward C. Reddington (*pro hac vice*)
                          Vidya Atre Mirmira (*pro hac vice*)
                          Eric C. Wiener (*pro hac vice*)
                          Noah M. Weiss *(pro hac vice)*
                          WILLIAMS & CONNOLLY LLP
                          725 Twelfth Street, N.W.
                          Washington, DC 20005
                          Telephone: (202) 434-5000
                          Facsimile: (202) 434-5029
                          gborden@wc.com
                          khodges@wc.com
                          arudge@wc.com
                          ereddington@wc.com
                          vmirmira@wc.com
                          ewiener@wc.com
                          nweiss@wc.com

                          *Counsel for HSBC Bank USA, N.A.*

11

**CERTIFICATE OF SERVICE**

I hereby certify that on March 19, 2018, I electronically filed the foregoing document

with the Clerk of the Court using the CM/ECF system which will send notification of such filing

to all counsel of record in these matters who are on the CM/ECF system.

/s/ *Noah M. Weiss*
Noah M. Weiss