```
UNITED STATES DISTRICT COURT              USDC SDNY
SOUTHERN DISTRICT OF NEW YORK             DOCUMENT
                                          ELECTRONICALLY FILED
------------------------------------------X  DOC #:_____
PHOENIX LIGHT SF LIMITED, et al.,       :  DATE FILED: 4/24/18
                         Plaintiffs,    :
           -against-                    :
HSBC BANK USA, N.A.,                    :     14 Civ. 10101 (LGS)
                         Defendant.     :
------------------------------------------X
------------------------------------------X         ORDER
NATIONAL CREDIT UNION                   :
ADMINISTRATION BOARD, et al.,           :
                         Plaintiffs,    :
           -against-                    :     15 Civ. 2144 (LGS)
HSBC BANK USA, N.A.,                    :
                         Defendant.     :
------------------------------------------X
------------------------------------------X
COMMERZBANK AG,                         :
                         Plaintiff,     :
           -against-                    :
HSBC BANK USA, N.A.,                    :     15 Civ. 10032 (LGS)
                         Defendant.     :
------------------------------------------X
------------------------------------------X
TRIAXX PRIME CDO 2006-1, et al.,        :
                         Plaintiffs,    :
           -against-                    :
HSBC BANK USA, N.A.,                    :     15 Civ. 10096 (LGS)
                         Defendant.     :
------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, by Order dated February 23, 2018 (the "Order"), the objection of Plaintiffs in the above-captioned matters to Magistrate Judge Netburn's ruling regarding sampling was overruled;

WHEREAS, the Order declined to decide on an objection to a discovery order the level of loan-specific knowledge or notice required to constitute "discovery or receipt of notice" as used in § 2.03 of the Pooling and Servicing Agreements ("PSAs");

WHEREAS, on March 9, 2018, Plaintiffs moved for clarification or, in the alternative, reconsideration of aspects of the Order.  Specifically, Plaintiffs requested a ruling that (1) "discovery or receipt of notice" cannot mean actual knowledge, and (2) plaintiffs may prove liability based on evidence showing generalized notice of high breach rates that does not identify specific loans;

WHEREAS, Defendant opposed the motion on March 19, 2018.  It is hereby

**ORDERED** that Plaintiffs' motions are DENIED.  The Court declines to rule on the issue of the meaning § 2.03 until presented with more comprehensive factual record at an appropriate juncture such as on a motion for summary judgment.  It is further

**ORDERED** that Plaintiffs' motions to file replies are DENIED.

The Clerk of Court is respectfully directed to close the motions at Case No. 14 Civ. 10101, Docket Nos. 305 and 313; Case No. 15 Civ. 2144, Docket Nos. 317 and 326; Case No. 15 Civ. 10032; Docket Nos. 273 and 281; and Case No. 15 Civ. 10096, Docket Nos. 235 and 242.

Dated: April 24, 2018
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**