# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROYAL PARK INVESTMENTS SA/NV,<br>　　　　　Plaintiff,<br>　　v.<br>HSBC BANK USA, N.A.<br>　　　　　Defendant. | No. 14-CV-08175-LGS-SN |
| BLACKROCK BALANCED CAPITAL PORTFOLIO (FI), *et al.*,<br>　　　　　Plaintiffs,<br>　　v.<br>HSBC BANK USA, N.A.,<br>　　　　　Defendant. | No. 14-CV-09366-LGS-SN |
| PHOENIX LIGHT SF LIMITED, *et al.*,<br>　　　　　Plaintiffs,<br>　　v.<br>HSBC BANK USA, N.A.,<br>　　　　　Defendant. | No. 14-CV-10101-LGS-SN |
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, *et al.*,<br>　　　　　Plaintiffs,<br>　　v.<br>HSBC BANK USA, N.A.,<br>　　　　　Defendant. | No. 15-CV-02144-LGS-SN |
| COMMERZBANK AG,<br>　　　　　Plaintiff,<br>　　v.<br>HSBC BANK USA, N.A.,<br>　　　　　Defendant. | No. 15-cv-10032-LGS-SN |
| TRIAX PRIME CDO 2006-1, LTD., *et al.*,<br>　　　　　Plaintiff,<br>　　v.<br>HSBC BANK USA, N.A.,<br>　　　　　Defendant. | No. 15-cv-10096-LGS-SN |

**[PROPOSED] SCHEDULING ORDER AND CIVIL CASE MANAGEMENT PLAN**

**1.     Fact Discovery**

a.     Plaintiffs shall identify all Bellwether loans on which they will proceed for the remainder of the litigation and any reasonably available loan-identifying information (*e.g.*, property address, borrower name, loan amount, lien position) for those loans, no later than forty-five (45) days after entry of this Order.

b.     All third-party fact discovery shall be served upon third parties no later than two (2) months after entry of this Order. Any third-party depositions must be noticed within this two-month period, but depositions can be completed within a reasonable period of time after such notice. To facilitate the timely production and organization of third party materials, the parties will use best efforts to cooperatively obtain such materials.

**2.     Expert Discovery**

a.     Any party intending to rely on an expert at trial for any issue on which that party bears the burden of proof at trial shall disclose the name of the expert and subject matter of the testimony no later than two (2) months after entry of this Order.

b.     Any expert report as required by Rule 26(a) on any issue on which that party bears the burden of proof at trial shall be served no later than twelve (12) months after entry of this Order. Expert reports involving a loan breach analysis shall contain, at a minimum, for each loan and breach, substantially the following information in Excel format:  (i) the applicable loan number; (ii) the applicable at-issue trust and transaction name; (iii) identifying loan information (*e.g.*, property address, borrower name, loan amount, lien position); (iv) base loan amount; (v) lien type; (vi) loan summary breach category; (vii) breach violation name and narrative with citations to any supporting documents; and (viii) the identity of the contractual provision, loan guideline, or representation and warranty allegedly breached. Defendant's loan analysis rebuttal reports will respond directly to Plaintiff's findings in these same categories. Any loans not identified in a Plaintiff's loan disclosure referenced in 1(a) above may not be the subject of an analysis by that Plaintiff or its experts.

c.     Any party intending to rely on an expert at trial to rebut another party's expert evidence on a given subject matter shall disclose the rebuttal expert's name, and the subject matter of testimony to be rebutted, no later than one (1) month after service of any such expert evidence.

d.     Any expert report as required by Rule 26(a)(2)(B) and (2)(D)(ii) that is intended by a party to rebut expert evidence on the same subject matter shall be served no later than twenty-four (24) months after entry of this Order.

  e. Any reply reports shall be provided no later than twenty-five (25) months after entry of this Order. Reply reports addressing a loan breach analysis may not introduce new breach findings.

  f. All expert discovery, including depositions, shall be completed within thirty-one (31) months of the entry of this Order. Following the receipt of Defendant's expert reports, the parties agree to meet and confer regarding the potential for coordination on deposing HSBC's experts where those experts have issued reports in multiple cases. Should the parties not reach agreement on coordination, they agree to raise such issues promptly to the Court's attention.

**3. Summary Judgment**

  a. Motions for summary judgment and motions to exclude an expert under Rule 702 or *Daubert* are to be filed no later than thirty-three (33) months after entry of this Order.

  b. Oppositions to motions for summary judgment and oppositions to motions to exclude an expert under Rule 702 or *Daubert* are to be filed no later than thirty-five (35) months after entry of this Order.

  c. Reply motions for summary judgment and reply motions to exclude an expert under Rule 702 or *Daubert* are to be filed no later than thirty-six (36) months after entry of this Order.

**SO ORDERED**

Dated: August \_\_, 2018   _____
    New York, New York  HON. SARAH NETBURN
               United States Magistrate Judge